LETTS, Chief Judge.
After a quarrel, the defendant fatally stabbed the victim. He was charged with and tried for second degree murder, but the jury brought back a third degree verdict. The defendant claims on appeal that his sole theory at trial was self defense and therefore there was no underlying felony to sustain a third degree murder instruction which he requested. See Mahaun v. State, 377 So.2d 1158 (Fla.1979).[1]
We find this argument without merit, and write on it only to prevent its repetition as a point on appeal in the future.
We are only too familiar with our Supreme Court’s absolute requirement that the jury be instructed on lesser degree and lesser included offenses, Brown v. State, 206 So.2d 377 (Fla.1968) and Fla.R.Crim.P. 3.490, so that it may exercise the power of “jury pardon.” Lomax v. State, 345 So.2d 719 (Fla.1977) and State v. Abreau, 363 So.2d 1063 (Fla.1978). Obviously third degree murder is a lesser degree offense than second degree murder. Consequently the third degree instruction was mandated, requested and most certainly not objected to by the defense.
Pursuant to the instructions submitted, the jury apparently went ahead and exercised its power of jury pardon which the defendant now maintains it could not do.
Both this author and Judge Beranek have, in other cases, expressed considerable puzzlement over the doctrine of jury pardon. See Keenan v. State, 379 So.2d 147 (Fla. 4th DCA 1980) and Reddick v. State, 380 So.2d 1330 (Fla. 5th DCA 1980). Reddick is particularly interesting in that the Supreme Court totally ignored our version of Reddick’s, to us, logical criticism of the doctrine and tersely reversed us for the trial court’s failure to instruct on the next immediate lesser included offense. See Reddick v. State, 394 So.2d 417 (Fla.1981). *539 Accordingly, jury pardon is still a viable doctrine insisted upon by our Supreme Court and we must adhere to it.
We, therefore, reject the heads-I-win-tails-you-lose argument advanced here by the defendant. He had the inalienable right to a third degree murder instruction and would be before us now successfully appealing any absence of same. He submitted the very instruction which he now claims was erroneous and the jury was so charged. Let him not be heard to complain. See Killen v. State, 92 So.2d 825 (Fla.1957).
We find no merit in the other points on appeal.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.

. Mahaun is cited to us by the public defender but its factual setting makes it far from apropos here. In the instant case the defendant was charged with second degree and convicted of third. In Mahaun he was charged with third degree only.