BLUE, Chief Judge.
Myrick Eggleston appeals his convictions and sentences for burglary, two counts of dealing in stolen property, and grand theft. We agree with Mr. Eggle-ston’s contention that he is entitled to a new trial because the trial court improperly denied him the right to represent himself contrary to Faretta v. California, 422 U.S. 806, 96 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Mr. Eggleston also correctly identifies a double jeopardy violation with the two counts of dealing in stolen property. *525 We reject without discussion the remaining issues raised.
Mr. Eggleston was a difficult defendant who challenged the criminal justice system. He simply did not want to deal with his charges: he neither wanted to plead guilty nor proceed to trial. The critical error in this case occurred the morning of the trial when Mr. Eggleston expressed a desire to represent himself. The trial judge conducted a Faretta hearing, determined that Mr. Eggleston was competent to waive his right to counsel, and properly allowed Mr. Eggleston to proceed pro se.
The judge then attempted to move the case toward trial and Mr. Eggleston balked, insisting that he did not want a trial. After lengthy exchanges, the judge announced that Mr. Eggleston was not competent to represent himself and reappointed counsel. The trial commenced and Mr. Eggleston was convicted as charged.
Under Faretta, the critical determination is whether the defendant is competent to knowingly and intelligently waive his right to counsel. See State v. Bowen, 698 So.2d 248, 251 (Fla.1997). Once that determination is made, the inquiry is over. Whether the defendant can competently represent himself or herself is simply not part of the test. See Hill v. State, 688 So.2d 901, 905 (Fla.1996). There is no harmless error analysis available for this error. A criminal defendant who is competent to choose self-representation may not be denied that choice, even though the decision for self-representation will most certainly result in incompetent trial counsel. The trial court must determine the defendant’s competency to decide on self-representation, not the competency to perform when self-represented. Accordingly, the trial court erred in denying Mr. Eggle-ston’s right to represent himself at trial, and the convictions must be reversed and remanded for a new trial.
As to the two counts of dealing in stolen property, one count must be dismissed on double jeopardy grounds. The two counts reflect two separate items that were taken in the same residential burglary. The items were pawned at the same time, on the same pawn receipt. There simply is no basis to support two charges. See Barnlund v. State, 724 So.2d 632 (Fla. 5th DCA 1998).
Convictions reversed and remanded for a new trial on the charges of burglary, one count of dealing in stolen property, and grand theft.
ALTENBERND and STRINGER, JJ., Concur.