839 So.2d 770 (2003)
Mary WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2344.
District Court of Appeal of Florida, Fourth District.
February 5, 2003.
Rehearing Denied March 19, 2003.
*771 Mitchell J. Beers and Barbara J. Scheffer of Mitchell J. Beers, P.A., Palm Beach Gardens, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Wheeler challenges her perjury conviction on grounds that the trial court abused its discretion in its application of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), by failing to re-appoint counsel. We affirm.
When Wheeler arrived at the first docket call, she indicated that her intention was to try to obtain a dismissal without hiring an attorney. The court informed her that she could either hire an attorney, apply for an appointed attorney, or seek self-representation. At Wheeler's request, the court appointed a public defender to represent her.
Following a number of continuances and a series of public defenders, Wheeler became upset, as indicated in a letter to her appointed counsel. Wheeler wrote, "I do not know when your due date is for your baby, but if for some reason you can not be at my trial, I DO NOT WANT IT CONTINUED FOR ANY REASON  OTHER THAN WHAT THE JUDGE SAID ABOUT MOTHER NATURE.... If you have your baby, I will represent myself! I really mean this." When the public defender went on maternity leave, Wheeler's case was transferred to another public defender.
At the next docket hearing, the court told Wheeler it had been advised that she wished to represent herself.[1] The court then conducted a Faretta hearing utilizing the inquiries set forth in the model colloquy for trial judges, Amendment to Florida Rule of Criminal Procedure 3.111(d)(2)-(3), 719 So.2d 873 (Fla.1998).
The model format, which the court faithfully followed, includes advice and questions a judge should ask when conducting a Faretta hearing. The court advised Wheeler of the many advantages of representation by an attorney and warned that it is almost always unwise to waive the right to counsel. The court also told Wheeler the maximum sentence she was facing was five years in prison and a $5,000 fine. Upon inquiry, the court learned that Wheeler was literate, had a twelfth grade education, and had taken an anti-depressant and some headache medicine which she assured the court had no affect on her ability to understand the proceeding. She had been treated for depression but no other mental illness, had not been threatened or coerced in making her decision, and had no physical problem which would hinder her self-representation. In open court, Wheeler signed a waiver of her right to counsel.
Despite the long colloquy by the judge, the prosecutor was concerned that Wheeler might simply be asking to represent herself because she believed it would facilitate a speedier trial. The court informed her that it was unable to promise that the trial would actually start and end on a specific date. Having said this, the court again asked whether Wheeler wanted to represent herself. She re-affirmed her desire *772 to waive her right to counsel but allowed the court to appoint a public defender as standby counsel.
Some time later, Wheeler was picked up on a bench warrant for failing to appear at a docket call. At the next hearing, Wheeler asked for additional assistance from stand-by counsel. The court tried to determine whether she was requesting it to appoint new counsel or simply wanted her standby counsel to help her prepare for trial. The court advised that it would appoint an attorney but could not guarantee that she or he would be the same attorney who was acting as her "standby" counsel. Wheeler again decided to represent herself at trial with the assistance of standby counsel and was subsequently convicted.
In asserting a Faretta violation, Wheeler contends that the court should have re-appointed counsel to represent her. She argues that: (1) she only waived counsel because she thought it would speed up the trial; (2) the court failed to fully address her health problems; and (3) she did, in fact, re-assert a request for appointed counsel that the court ignored. We reject these arguments, as it is evident that the trial court's Faretta inquiry was sufficient to elicit the information necessary for a determination that Wheeler's waiver of counsel was voluntary.
The Sixth Amendment of the U.S. Constitution guarantees the right of self-representation. Faretta, 422 U.S. at 821, 95 S.Ct. 2525; see also Art. I, § 16, Fla. Const. In Faretta, the United States Supreme Court held that the defendant's unequivocal request to represent himself should have been granted where the record affirmatively showed he was "literate, competent, and understanding, and that he was voluntarily exercising his informed free will." Id. at 835, 95 S.Ct. 2525. Thus, "a criminal defendant who is competent to choose self-representation may not be denied that choice, even though the decision for self-representation will most certainly result in incompetent trial counsel." Eggleston v. State, 812 So.2d 524, 525 (Fla. 2d DCA 2002). There are no "magic words" in a Faretta inquiry. Rather, we look to the defendant's general understanding of her rights as codified in rule 3.111(d), Florida Rules of Criminal Procedure.
As to Wheeler's first point, we recognize that a defendant's motives for requesting to proceed pro se may be relevant to whether the defendant's waiver was made knowingly and intelligently. See U.S. v. Stubbs, 281 F.3d 109, 117 (3d Cir.2002)(holding that, although defendant unequivocally invoked right to waive counsel, reversal required where record indicated he did so only because of his mistaken belief he could use closing argument in lieu of testifying at trial). However, here, while Wheeler may have waived counsel out of frustration, she was competent to make the decision to proceed without an attorney in her case.
Furthermore, Wheeler was not necessarily mistaken in believing that she could move the proceedings along more quickly if she were to represent herself. Indeed, the court repeatedly told her that it could not guarantee when her trial would take place or which attorney would be appointed to represent her. Yet, Wheeler would only be satisfied with an attorney of her choosing who would take her case immediately and that, absent those conditions, she desired to represent herself. On these facts, we conclude that Wheeler's waiver of counsel was voluntary.
There is also no evidence that Wheeler's health problems detracted from her ability to understand the right she was waiving or her competence to make the decision. Wheeler cites this court's decision in Kleinfeld v. State, 568 So.2d 937 (Fla. 4th DCA 1990), to support her argument that *773 the court should have conducted a hearing to determine the severity of her health problems. In Kleinfeld, however, the issue was whether a trial court could use the defendant's poor health as reason to revoke her right to self-representation. Id. at 939. We specifically avoided making a determination that a defendant's health problems mandate the denial of her request to waive counsel and proceed pro se. Id. Instead, we held that, once granted, a court could not revoke a defendant's right to self-representation because of health problems without first holding an evidentiary hearing to determine whether those problems constituted such "unusual circumstances" as to warrant the deprivation of this constitutional right. Id.
Here, Wheeler was not deprived of a constitutional right as was the defendant in Kleinfeld. Rather, Wheeler's request to exercise her right to waive counsel was granted after the court determined that she was making this choice "with [her] eyes open." See Faretta, 422 U.S. at 835, 95 S.Ct. 2525. Moreover, Wheeler, herself, assured the trial court that she had no health problems which would compromise her ability to intelligently waive her right to counsel. We conclude that the record supports the finding that such a waiver was knowingly, voluntarily, and intelligently made.
Wheeler also asserts that the court failed to recognize that at the hearing on her failure to appear, she retracted her waiver of counsel. She claims the following colloquy supports her position:
THE COURT: All right. What do you want to do today? You're requesting additional legal assistance. All I can tell you is what I already told you. You have the right to have a lawyer. If you can't afford one, I'll appoint one. If you want to hire your own lawyer, you can hire whoever you wish.
THE DEFENDANT: Appoint somebody, I guess.

THE COURT: If  listen, if I appoint one to represent you, you don't have a right to have a specific attorney appointed 
THE DEFENDANT: That's fine.

THE COURT: But I'll appoint one to represent you if you wish. I just need to know what you want to do, Miss Wheeler. If you want to represent yourself, that's fine, too. Then you're gonna  you have the obligation to make sure that you keep up with your court dates and file whatever pleadings you need to file.
THE DEFENDANT: Right.
THE COURT: As I've warned you before. So what do you want to do?
THE DEFENDANT: I don't know. If you appoint someone, do you know who it's going to be yet?

THE COURT: I have no idea.
THE DEFENDANT: Just let me keep going like I'm going. I'll get Frank to help me.

THE COURT: Okay.
THE DEFENDANT: Or I'll call Mitch Beers, one of the two, I'll do something. I'll 
THE COURT: All right.
THE DEFENDANT: Do it.
Wheeler argues that the court should have appointed an attorney when she said "[t]hat's fine" in response to the court's offer to appoint an attorney. However, having the best vantage point to assess the situation, the trial court correctly determined that Wheeler did not understand the court's statement. This is evident from her response. After expressing complete understanding of the fact that she did not have the right to a specific attorney, Wheeler asked, "if you appoint someone, do you know who it's going to be yet?"
*774 Once the trial court was satisfied that Wheeler's decision to represent herself was knowing and voluntary, it was constitutionally required to allow her to represent herself at trial. See Faretta, 422 U.S. at 836, 95 S.Ct. 2525. Further, "[o]nce a defendant exercises [her] constitutional right to defend [herself] and proceed pro se, [she] does not have the absolute right to thereafter withdraw [her] request for self representation and receive substitute counsel." U.S. v. Merchant, 992 F.2d 1091, 1095 (10th Cir. 1993); see also State v. DeWeese, 117 Wash.2d 369, 816 P.2d 1, 4 (1991)("After a defendant's valid Faretta waiver of counsel ... the trial court is not obliged to appoint, or reappoint counsel on the demand of the defendant. The matter is wholly within the trial court's discretion.").
The state properly draws our attention to the problem, noted by the Ninth Circuit Court of Appeals in Meeks v. Craven, 482 F.2d 465, 467 (9th Cir.1973), that, after waiving the right to counsel, the convicted defendant may "mount a collateral attack upon his trial or plea, claiming either that he did not understand what he was doing or that the court should have forced counsel upon him.... We can find no constitutional rationale for placing trial courts in a position to be whipsawed by defendants clever enough to record an equivocal request to proceed without counsel in the expectation of a guaranteed error no matter which way the trial court rules." Id. at 468 (emphasis added).
Here, Wheeler's equivocal comments made after the Faretta hearing do not entitle her to place the court in a position of committing error no matter which way the trial court rules. See id. The state notes that if the trial court appointed counsel based upon Wheeler's equivocal comments (which she rescinded upon further inquiry by the trial court), then she would surely argue that the trial court improperly infringed upon her right to self-representation. Such "heads I win, tails you lose" tactics have previously been rejected by this court. See Thomas v. State, 406 So.2d 538, 539 (Fla. 4th DCA 1981).
As we interpret this record, and notwithstanding her one comment "appoint somebody, I guess," the trial court did not abuse its discretion in allowing Wheeler to represent herself. See Holland v. State, 773 So.2d 1065, 1069 (Fla.2000)(standard of review is abuse of discretion). In fact, the Second District's recent decision in Eggleston suggests that the trial court might have abused its discretion if it had appointed counsel. 812 So.2d at 525. In any event, even if she had requested counsel after electing to proceed pro se, which she did not, she no longer possessed an absolute right to withdraw her request for self-representation and receive substitute counsel. See Merchant, 992 F.2d at 1095; DeWeese, 816 P.2d at 4. Thus, we affirm Wheeler's conviction.
WARNER and GROSS, JJ., concur.
NOTES
[1] Whether Wheeler's letter to her public defender was an unequivocal request to waive her right to counsel is of no consequence. The court conducted a thorough inquiry before allowing Wheeler to proceed without counsel.