850 So.2d 680 (2003)
Desmond McKINNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3845.
District Court of Appeal of Florida, Fourth District.
July 30, 2003.
Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for Appellee.
GROSS, J.
The only issue in this case is whether the trial court fell into a Faretta[1] trap by denying appellant's right to self-representation. We hold that after the trial court determined that appellant had "knowingly and intelligently" waived his *681 right to counsel, it erred in requiring him to proceed with a court-appointed lawyer because he was incompetent to represent himself.
The trial court conducted an excellent inquiry under Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). The trial court found that defense counsel had simultaneously worked up this case and another case of appellant's and that he was experienced as a criminal defense attorney. After its inquiry, the trial court found no reasonable cause to believe that defense counsel was ineffective.
The court then explained that appellant had the option of keeping his current counsel, defending himself, or hiring a private attorney. Appellant responded: "I'd rather represent myself."
The court began its Faretta inquiry. It asked questions about appellant's age, mental condition, work and legal experience, knowledge of the rules of procedure and evidence, and his understanding of the crimes charged and the penalties for them.
After this initial questioning, the court asked why appellant wanted to represent himself when he had a ninth grade education and "no legal training whatsoever." Appellant then indicated that he believed he could have another attorney appointed; he thought he was not fit to represent himself. He said he did not have the money to hire an attorney.
The court explained appellant's options againsame counsel, self-representation, or hire private counsel. Once again appellant rejected his court-appointed lawyer and stated: "I'm going to represent myself." The court continued its inquiry and concluded that appellant "knowingly and intelligently" waived his right to counsel.
However, the court went on to rule that appellant would be deprived of a fair trial by representing himself with a ninth grade education and no legal experience.[2] As a result, the trial court refused to allow appellant to represent himself. His appointed counsel represented him throughout the trial.
After finding a knowing waiver of his right to counsel, the trial court erred in refusing to let appellant represent himself because he would do so incompetently. Faretta instructs that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'" 422 U.S. at 835, 95 S.Ct. 2525 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)); State v. Bowen, 698 So.2d 248, 250 (Fla. 1997).
Under Faretta, lack of legal experience is not a reason to deny self-representation. See Bell v. State, 699 So.2d 674, 677 (Fla.1997); Bowen, 698 So.2d at 250 (finding Faretta made no provision for "an *682 additional layer of protection requiring courts to ascertain whether the defendant is intellectually capable of conducting an effective defense"). If lack of education and legal skills were a basis for denying self-representation, few, if any, criminal defendants would ever qualify to represent themselves.
In Bowen, the supreme court faced a certified question, which could have arisen from this case, and answered it in the negative:
Once a trial court has determined that a defendant has knowingly and intelligently waived his or her right to counsel, may that court nonetheless require the defendant to be represented by counsel because of concern that the defendant might be deprived of a fair trial if tried without such representation?
698 So.2d at 249. The court held that when a waiver of counsel is knowing and intelligent, a lack of education does not preclude the right to represent oneself. Id. at 252.
Although the trial court made the proper inquiry under Faretta, it erred by focusing on appellant's lack of education and legal experience and denying appellant's right to self-representation.
We recognize that Faretta issues are hard ones for a trial court. It is difficult to manage a trial where an untrained defendant represents himself. As Judge Klein has written:
Trial judges, when confronted with defendants like this one, are "between a rock and a hard place." Payne v. State, 642 So.2d 111, 113 (Fla. 1st DCA 1994) (Kahn, J., concurring). Under Faretta a trial judge has to be sensitive both to the right to counsel as well as the right to self-representation; however, judges have little leeway in either direction, since there are two constitutional rights at stake here. If a defendant has met the requirements of Faretta for self-representation, but the court denies self-representation because of the court's concern that the defendant's ignorance of the law will result in the defendant not receiving a fair trial, it may well violate Faretta.

Morris v. State, 667 So.2d 982, 986 (Fla. 4th DCA 1996).
However, both the Florida and the United States Supreme Courts require that courts honor a defendant's request for self-representation, if the defendant knowingly and intelligently waives the right to counsel. The trial court can lead a defendant to the water of an intelligent decision about the dangers of self-representation, but it cannot make him drink.
Reversed and remanded for a new trial.
FARMER, C.J., and POLEN, J., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] The court said:

[T]he Court find[s] that by the defendant representing himself, he would be deprived of a fair trial in that he has a ninth grade education, he has never had any training in the area of the law, no courses, no law school, no jobs, any training for him to be able to represent himself properly. He has never represented himself or anyone else in any criminal proceeding. The only trial that he has sat through, complete trial, was his prior trial in this courtroom. He has no experience in selecting a jury, he has never selected a jury and he does not know the elements of the offense that he's being or offenses that he's being charged with, and that by allowing him toif I allow the defendant to represent himself, he will be deprived of a fair trial.