COHEN, J.
 

 Mark Elliott appeals the denial of his postconviction motion to correct illegal sentence. We affirm.
 

 Elliott entered a nolo contendere plea after being charged with robbery and possession of a hoax bomb in the commission of a felony.
 
 [1]
 
 The State informed the trial court that it was seeking to have Elliott sentenced as a habitual felony offender on both counts. The trial court found Elliott met the criteria to be sentenced as a habitual felony offender, but sentenced him to a split sentence of five years’ imprisonment followed by ten years’ probation on both counts, the sentences to run consecutively.
 
 [2]
 
 In total, Elliott was sentenced to ten years in prison and twenty years on probation.
 

 Unhappy with this turn of events, Elliott filed a motion contending his sentences were illegal because they were imposed consecutively despite the fact both charges arose from the same criminal episode and were enhanced by his classification as a habitual felony offender, citing
 
 Hale v. State,
 
 630 So.2d 521 (Fla.1993). The trial court denied this motion on two grounds. First, the trial court found that Elliott’s motion failed to point to any record facts showing that both charges were committed in a single criminal episode, citing
 
 Pullins
 
 tí.
 
 State,
 
 777 So.2d 451 (Fla. 1st DCA 2001). Notwithstanding this pleading failure, the trial court proceeded to address the merits of his motion. • The trial court concluded
 
 Hale
 
 did not apply because even though it found Elliott met the criteria for being sentenced as a habitual felony offender, he “was sentenced to the legal maximum length of supervision of 15 years (5 years DOC followed by 10 years probation) on each case, without any enhancements beyond the legal máximums.... ”
 

 We agree that Elliott’s motion is facially deficient because he failed to attach any non-hearsay record evidence that the two charges arose from the same criminal episode. Neither is it evident from the face of the record that the two charges arose from the same criminal episode. Normally, this court would not review this issue because of this defect. However, because the issue is likely to recur, we take the opportunity to consider it.
 

 If a defendant is charged with two or more offenses arising from the same criminal episode, and the State seeks to have the defendant sentenced as a habitual felony offender, there are three sentencing possibilities. If the trial court adjudicates the defendant a habitual felony offender as to all the charges, it may enhance the sentences as provided by section 775.084(4)(a), Florida Statutes (2006), but the sentences must run concurrently.
 
 Hale,
 
 630 So.2d 521. Relevant to the case at bar, a habitual felony offender may be sentenced to a term not to exceed thirty years for a second-degree felony. § 775.084(4)(a)2.
 

 
 *663
 
 If the trial court adjudicates the defendant a habitual felony offender as to one charge, but not the other, then the sentences may be imposed consecutively as long as the total punishment does not exceed the statutory maximum enhanced under the habitual felony offender statute.
 
 Fuller v. State,
 
 867 So.2d 469, 470 (Fla. 5th DCA 2004);
 
 Kiedrowski v. State,
 
 876 So.2d 692, 694 (Fla. 1st DCA 2004). Finally, the trial court can adjudicate a defendant a habitual felony offender, but sentence him without regard to section 775.084, if it sets forth written reasons why it is not necessary for the protection of the public. § 775.084(4)(e). The trial court can then sentence the defendant separately on each charge, imposing them concurrently or consecutively as it sees fit. § 775.021(4)(a). Relevant to the case at bar, a defendant convicted of a second-degree felony may be sentenced up to fifteen years in prison. § 775.082(3)(c).
 

 In the instant case, the trial court adjudicated Elliott a habitual felony offender on both charges. However, instead of enhancing his sentences and running them concurrently, the trial court decided to give him split sentences, imposed consecutively, on each charge that did not exceed the maximum Elliott could have received had he not been adjudicated a habitual felony offender. Thus, Elliott received sentences totaling thirty years of prison and probation. This is the same term he could have received had the trial court simply enhanced his sentences as authorized by section 775.084.
 

 The trial court’s reason for sentencing Elliott in this manner is not clear. What is clear is that the trial court reasoned
 
 Hale
 
 was inapplicable because Elliott’s sentences did not exceed the maximum he could have received had his sentences been fully enhanced under the habitual felony offender statute. It is possible that the trial court believed it was unnecessary for the safety of the public to sentence him as a habitual felony offender. The trial court then could have sentenced Elliott to consecutive terms, notwithstanding the fact he was adjudicated a habitual felony offender. § 775.084(4)(e). Alternatively, the trial court may have concluded that
 
 Hale
 
 only applies when a habitual felony offender’s sentence is actually enhanced. Thus, because Elliott’s sentences were not enhanced, his sentences could be imposed consecutively. Under either scenario, we believe his sentence is lawful.
 

 In
 
 Hale,
 
 630 So.2d at 522, the defendant was charged with selling cocaine and possession of cocaine with the intent to sell. After being adjudicated a habitual violent felony offender, the trial court enhanced the defendant’s sentences to twenty-five years on each charge, imposed consecutively. The supreme court reversed, finding that nothing in the habitual felony offender statute suggested the Legislature intended that once sentences arising from the same criminal episode were enhanced, that the total penalty could then be further enhanced by running them consecutively.
 
 Id.
 
 at 524. The supreme court then concluded that “under the statutory penalty for each offense, the trial court may sentence ... separately for possession, and ... separately for the sale, and make each sentence consecutive to the other. However, the trial court is not authorized ... to both enhance Hale’s sentence as a habitual offender,” and then impose the sentences consecutively.
 
 Id.
 
 at 525.
 

 In
 
 State v. Hill,
 
 660 So.2d 1384, 1385 (Fla.1995), the supreme court addressed the certified question of whether
 
 Hale
 
 “precludes under all circumstances the imposition of consecutive sentences for crimes arising out of a single criminal episode for habitual felony or habitual violent felony offenders.” Although answering
 
 *664
 
 this question affirmatively, the supreme court’s holding simply reaffirmed
 
 Hale.
 
 Once again the supreme court stated, “[W]e find that a trial court is without authority to enhance sentences from multiple crimes committed during a single criminal episode by both sentencing a defendant as a habitual offender and ordering that the sentences be served consecutively.”
 
 Id.
 
 at 1386.
 

 This court has stated that the “whole point in
 
 Hale
 
 is that once the habitual offender sentencing scheme is utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode,” consecutive sentences may not be imposed to further lengthen the overall sentence.
 
 Fuller,
 
 867 So.2d at 470. Similarly, this court in
 
 Reeves v. State,
 
 920 So.2d 724, 726 (Fla. 5th DCA 2006), stated, “The rule established in
 
 Hale
 
 and
 
 Daniels
 
 applies to sentences that have been
 
 enhanced
 
 beyond the statutory maximum.” When viewed as a whole, the language in these cases plainly suggests that
 
 Hale
 
 only applies when a sentence is enhanced under the habitual felony offender statute. This conclusion is bolstered by
 
 Daniels v. State,
 
 595 So.2d 952 (Fla.1992).
 

 In
 
 Daniels,
 
 the defendant was sentenced as a habitual violent felony offender to three consecutive life terms, with minimum mandatory imprisonment of fifteen years on each charge. Noting that the prescribed punishment for the defendant’s underlying charges did not impose minimum mandatory penalties, the supreme court concluded his sentences had to run concurrently because they were enhanced when he was sentenced as a habitual violent felony offender and subjected to minimum mandatory imprisonment. In reaching this conclusion, the supreme court distinguished those crimes whose punishment imposed a minimum mandatory sentence.
 

 The underlying principle of
 
 Hale
 
 and its progeny is that once a defendant’s sentences are enhanced under the habitual felony offender statute, they cannot be imposed consecutively. This is because the Legislature’s intent that repeat felony offenders be incarcerated for a longer period of time is satisfied when the sentence is, in fact, enhanced. Thus, absent legislative authorization, a court cannot both increase a defendant’s sentences, as allowed by the habitual felony offender statute, and then add a further enhancement by imposing them consecutively.
 
 Hale,
 
 630 So.2d at 524. In this case, Elliott received the maximum sentence allowed had he not been subject to habitual felony offender status. He also received the maximum sentence allowed had his sentences been fully enhanced under the habitual felony offender statute and imposed concurrently. Because Elliott’s sentences were never enhanced, in that he was not subjected to increased penalties as a result of his habitual felony offender status,
 
 Hale
 
 is inapplicable. Even assuming
 
 Hale
 
 applies, Elliott’s sentences are still lawful because they do not exceed the maximum he could have received if his sentences were enhanced.
 
 See Kiedrowski,
 
 876 So.2d at 694 (defendant’s sentence violated
 
 Hale
 
 where it exceeded maximum sentence he could have received had both sentences been enhanced and run concurrently, or neither sentence enhanced and run consecutively).
 

 Accordingly, we affirm.
 

 AFFIRMED.
 

 ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . Both of these crimes are second-degree felonies punishable by up to fifteen years in prison. § 775.082(3)(c), Fla. Stat. (2006).
 

 [2]
 

 . The split sentences appear to violate the prohibition against a probationary term falling between or interrupting incarcerative sentences.
 
 Horner v. State,
 
 617 So.2d 311, 312 (Fla.1993) (quoting
 
 Humphrey v. State,
 
 579 So.2d 335, 336 (Fla. 2d DCA 1991)). We do not address this aspect of Elliott's sentence as it was not raised for our review.