DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2904

[April 29, 2015]

**CORRECTED OPINION**

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312011CF 000634A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Monique Rolla, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Anthony Williams ("Defendant") faced several charges, including aggravated battery and tampering with a witness or victim. He appeals his judgment and sentence on these charges and contends that the trial court should have allowed him to represent himself at trial. Because the trial court did not use the correct legal standard in denying Defendant his right to self-representation, we reverse and remand for a new trial. Defendant's remaining points on appeal are hereby rendered moot.

On the day of trial, defense counsel announced he was ready to proceed, but that Defendant wanted to discharge him as trial counsel. Defendant then stated, under oath, that despite defense counsel's representations, his attorney was not actually ready for trial. He explained that he and defense counsel had never been on good terms, and that defense counsel had not shared discovery with him, specifically the content of audio recordings disclosed by the State. In response, the

trial court convened a *Nelson*[1] hearing wherein Defendant stated that his attorney was not rendering effective assistance of counsel, and he would be better off representing himself. The trial court noted that defense counsel and Defendant were not getting along, and while it observed that defense counsel appeared as though he was ready for trial, it pointed out that if Defendant wanted to self-represent he had the right to do so, but he would not be granted either a continuance or assistance to self-represent.

The trial court then found defense counsel competent to represent Defendant, and told Defendant that if he wanted to self-represent it would conduct a *Faretta*[2] hearing. Defendant informed the trial court that he wanted to self-represent, but wanted time to prepare. The trial court again refused to grant Defendant a continuance of the trial. Defendant, again, elected to self-represent, whereby the trial court discharged the attorney as Defendant's trial counsel and conducted a thorough *Faretta* hearing.

The trial court informed Defendant that he had the right to be represented by a lawyer, that a lawyer would be appointed to represent him if he was unable to afford one, and that if he wanted a lawyer to represent him, it would be his previous defense counsel. When Defendant replied that he did not want defense counsel to represent him, the trial court advised him that having a lawyer was valuable and advantageous because lawyers had experience and knowledge in the "entire process," and the trial court went into detail about how a lawyer can be extremely beneficial. Defendant acknowledged and understood these warnings.

The trial court also warned Defendant that it would be unwise and detrimental for him to self-represent. It advised Defendant that by self-representing he would not receive any special treatment; he would not be entitled to a continuance, and because he was in pre-trial custody, his access to legal research would be limited and he would not receive extra jail law library privileges. When the trial court asked if he understood that, Defendant replied, "[t]o some point, sir." The court then asked, "Okay. Well, do you understand that or not?" to which Defendant answered, "I'm going to say yes, sir."

---

[1] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

[2] *Faretta v. California*, 422 U.S. 806 (1975).

2

The trial court advised Defendant that if he were to be convicted when representing himself, he would be unable to seek reversal of his conviction upon the ground that he lacked legal knowledge or to make a post-conviction claim of ineffective assistance of trial counsel.  When the trial court asked Defendant if he also understood that, Defendant responded, "[t]o some extent."  The court then inquired, "[d]o you understand what the charges are against you?" to which Defendant replied, "[t]o some extent, sir."  The court went on to ask Defendant what it was that he did not understand and explained that Defendant could not represent himself if he did not understand.  Defendant attempted to state what he thought he was charged with, that being in his words "battery, possession of a firearm and making phone calls."  When the court advised Defendant that "There's no such crime as making phone calls," Defendant replied that the charge was tampering with a witness.

The court then explained that the maximum sentence was thirty years on each one of his charges.  Defendant responded, "that's a little confusing, that one right there, sir."

At that point, the court stated that it did not feel Defendant was competent to represent himself:

> [THE COURT]:  You know what, I find from the evidence you are not competent to represent yourself.  You're not familiar with the, you don't have anywhere near the legal knowledge or to even attempt to have a normal trial in this case.  I'm not going to discharge Mr. Hunt under these circumstances.  You just are not qualified to represent yourself.  I'm just not going to do it.  In that case, let's set this case for trial.

At the time of the court's ruling there was insufficient time left in the day for a jury to be selected in Defendant's case.  Defense counsel was granted a continuance, and the trial was reset for one month later.  When the trial ultimately commenced, Defendant again sought to discharge defense counsel.  The trial court advised Defendant that the matter had been previously addressed, that trial would commence that morning, and he should have sought to discharge defense counsel before then.  After Defendant's trial, the jury returned a verdict finding Defendant guilty as charged.

The Sixth Amendment grants criminal defendants the right to self-representation.  *State v. Bowen,* 698 So. 2d 248, 250 (Fla. 1997) (*citing Faretta v. California,* 422 U.S. 806, 834 (1975)).  Under *Bowen,* "once a court determines that a competent defendant of his or her own free will

has 'knowingly and intelligently' waived the right to counsel, the dictates of *Faretta* are satisfied, the inquiry is over, and the defendant may proceed unrepresented." *Id.* at 251.

In *Faretta*, the court held that:

> Although a defendant need not himself [or herself] have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he [or she] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "[the defendant] knows what he [or she] is doing and his [or her] choice is made with eyes open."

*Faretta*, 422 U.S. at 835. Similarly, in *Hill v. State*, 688 So. 2d 901, 905 (Fla. 1996), the Florida Supreme Court stated that:

> [A] defendant does not need to possess the technical legal knowledge of an attorney before being permitted to proceed pro se. As the Supreme Court stated in *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 2686-87, 125 L.Ed.2d 321 (1993), "the competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself."

The trial judge stated on the record that he was denying Defendant's request to represent himself due to a lack of competency, premised on the fact that he did not possess sufficient legal knowledge. However, possession of legal skills or knowledge is not the legal equivalent to competency, and as such is not a precondition for exercising the right of self-representation. *See Wheeler v. State*, 839 So. 2d 770, 772 (Fla. 4th DCA 2003); *see also McKinney v. State*, 850 So. 2d 680, 682 (Fla. 4th DCA 2003); *Beaton v. State*, 709 So. 2d 172, 174 (Fla. 4th DCA 1998). Therefore, the trial court applied the wrong legal standard, finding that Defendant was incapable of adequately representing himself, rather than lacking competence to waive his right to counsel.

The trial court never made a finding under *Faretta* that Defendant knowingly, voluntarily, and intelligently sought to waive his right to counsel. *See Neal v. State*, 132 So. 3d 949, 950-51 (Fla. 1st DCA 2014). Nor did the court find that Defendant suffered from a "severe mental illness to the point where [he was] not competent to conduct trial proceedings by [himself]," so as to fall within the exception to the general rule explicated in *Indiana v. Edwards*, 554 U.S. 164, 178 (2008). This

4

was error. "Under *Faretta*, '[t]he test is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself.' " *Smith v. State*, 956 So. 2d 1288, 1289 (Fla. 4th DCA 2007) (alteration in original) (quoting *Wilson v. State*, 724 So. 2d 144, 145 (Fla. 1st DCA 1998)). Florida Rule of Criminal Procedure 3.111(d)(3) also states, "[r]egardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel . . . ."

The trial court's decision appeared to be based on the lack of clarity in some of Defendant's responses during the *Faretta* colloquy. Yet, when asked if he understood what the charges were against him, the Defendant replied, "[t]o some extent, sir," before providing a reasonably good description of those charges, though not letter-perfect in the legal sense. Defendant also expressed some confusion when it was explained that the maximum sentence was thirty years (instead of fifteen years) on each one of his charges, but only after the State explained it had filed a notice to seek habitual felony offender status, thus qualifying Defendant for enhanced sentences. Neither of these responses demonstrated a lack of competency to waive counsel.

There were no other circumstances present to justify the court's denial. The trial court made no finding that Defendant was improperly attempting to either delay or frustrate the proceedings as a basis for its ruling. *See Smith v. State*, 677 So. 2d 370, 371 (Fla. 2d DCA 1996) (recognizing that a trial court need not " 'allow a defendant to delay and continually frustrate his trial' ") (quoting *State v. Young*, 626 So. 2d 655, 657 (Fla. 1993)). Likewise, nothing appears in the record to suggest that Defendant has ever engaged in any previous behavior designed for these purposes. *See Haram v. State*, 625 So. 2d 875, 875 (Fla. 5th DCA 1993) (finding that trial court did not err by refusing to allow appellant to represent himself where appellant "was not desirous of representing himself, but instead wished to further delay the proceedings which had already stretched 17 months from arrest to trial," and "had previously caused two attorneys to be discharged from his case"). When a trial judge is presented with answers to *Faretta* questioning such that it appears the decision is not being made knowingly or intelligently, or when faced with a defendant whose equivocal responses suggest gamesmanship, the proper course is to exercise caution and decline to accept a waiver of counsel. As we opined in *Wheeler*, any other view would allow defendants to make equivocal responses and then win a reversal on appeal no matter which way the trial court ruled; on one

5

hand, the trial court's acceptance of an equivocal response could be considered the denial of the right to counsel, while on the other, the failure to accept equivocal or uncertain responses could be considered the denial of the right to self-representation. *See Wheeler*, 839 So. 2d at 774. "Such 'heads I win, tails you lose' tactics" should be rejected. *Id.* (citing *Thomas v. State*, 406 So. 2d 538, 539 (Fla. 4th DCA 1981)). While Defendant's equivocal answers may have been properly considered for whether he was knowingly, intelligently, and voluntarily waiving counsel, the record shows this was not the basis for the court's decision.

The error here is structural and not subject to harmless error review. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-49 (2006) (recognizing the denial of the right of self-representation as one of a limited number of structural defects which "defy analysis by harmless-error standards because [it affects] the framework within which the trial proceeds" (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991) (internal quotation marks omitted))); *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless.").

We recognize that presiding over a criminal case with a pro se defendant facing multiple charges can present "a difficult and challenging responsibility for a trial judge." *See Tennis v. State*, 997 So. 2d 375, 380 (Fla. 2008). However, Defendant unequivocally stated on the record that he understood the disadvantages of self-representation, including the risks and complexities of his particular case. "A criminal defendant who is competent to choose self-representation may not be denied that choice, even though the decision for self-representation will most certainly result in incompetent trial counsel." *Eggleston v. State*, 812 So. 2d 524, 525 (Fla. 2d DCA 2002). Though a trial judge may be tempted to rescue a defendant from representing himself and having a fool for a client, the court's proper role is to provide protection to the unwary, not the foolhardy; to protect the unwitting, not the reckless.

Because the trial court applied the wrong standard in resolving this issue, we reverse Defendant's judgment and sentence and remand for a new trial. In the event Defendant again expresses the desire to represent himself on remand, the trial court should conduct another *Faretta* inquiry and employ the proper legal standard. If the court finds that Defendant is competent to make this election, and that his decision is

knowingly, intelligently, and voluntarily made, he should be allowed to represent himself at the trial.

*Reversed and Remanded.*

STEVENSON and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**