EDWARDS, J.
Christopher Lee Bradley (“Appellant”), appeals his second conviction and sentence for dealing in stolen property. Two laptop computers were stolen from two different victims, on different dates, and from different locations. Appellant pawned both sto *1053 len laptop computers during one transaction at the same pawn shop;- Appellant was charged with a count of dealing in stolen property in violation of section 812.019(1), Florida Statutes (2012), for each laptop.- A'separate case was filed and a separate trial was held as to each of the stolen laptops that Appellant pawned. Appellant was convicted as charged in the first trial, designated as an Habitual Felony Offender (“HFO”), and sentenced to ten years’ incarceration. In the second trial, Appellant was convicted, orally declared to be an HFO, and sentenced to a term of fifteen years’ incarceration to run consecutively to the prior ten-year sentence. We affirm the conviction and sentence as orally pronounced, but remand to have the trial court enter a corrected written judgment and sentence that conforms to the oral designation of Appellant as an HFO.
Appellant argues that the fifteen-year sentence in the instant case should have been concurrent with, rather than consecutive to, his prior sentence for dealing in stolen property. Appellant asserts that pawning the two stolen laptops during a single visit to the pawnshop was one criminal episode involving two criminal offenses that require identical elements of proof, thus, prohibiting enhancement by imposition of consecutive sentences. Appellant is wrong for two reasons that will be discussed in turn.
First, although Appellant does not couch his argument, in terms of double jeopardy, he does incorrectly assert that he was convicted and sentenced twice for the same crime. Here, the first laptop was stolen from the home of the first victim on January 20, 2012. The second laptop was reported stolen from the vehicle of a second, different victim, at a different location on January 23, 2012. The fact that the two laptops were stolen at different times from different places and from different owners distinguishes this case from Eggleston v. State, 812 So.2d 524 (Fla. 2d DCA 2002). In Eggleston, the court held that one of the counts of dealing in stolen property was barred on double jeopardy grounds because “[t]he two counts reflect two separate items that were" taken in the same residential burglary [and] were pawned at the same time, on the same pawn receipt.” Id. at 525. Thus, there was “no basis to support two charges.” Id. Similarly, Hearn v. State, 55 So.2d 559 (Fla.1951), is also distinguishable, from this case. In Hearn, the Florida Supreme Court held that allowing multiple counts of larceny for stolen items belonging “to separate owners when stolen at the same time, from the same place, and under the same circumstances with the same intent” would constitute a violation of double jeopardy. 55 So.2d at 561.
In contrast, Florida courts have determined that multiple convictions for dealing in stolen property do not constitute a double jeopardy violation when the items were stolen from the same burglary but “sold on different dates to different pawn shops.” Naughton v. State, 889 So.2d 931, 931 (Fla. 4th DCA 2004). Additionally, courts in other states have held that “if a defendant acquires possession of stolen goods on day one, additional stolen goods on day two, and is caught in possession of .those goods on day three, he committed crimes of theft on day one and day two, not a single crime of theft on day three.” Brown v. State, 137 Idaho 529, 50 P.3d 1024, 1032 (2002); see also Johnson v. State, 741 S.W.2d 83, 83 (Mo.Ct.App.1987) (“The property was stolen from different owners at different times. There was evidence [defendant] received the property at different times.... [T]he mere fact [defendant] was charged with holding the property at a single time, does not subject him to double jeopardy.”).
Appellant argues that his criminal act was unlawfully pawning the two comput *1054 ers; however, that is not accurate. Section 812.019, Florida Statutes (2012), penalizes trafficking in property that defendant knows or should know was stolen. Section 812.012, Florida Statutes (2012), defines trafficking not only as selling or transferring property but also as buying, receiving, possessing, or obtaining control of property. § 812.012(8)(a)-(b), Fla. Stat. (2012) (emphasis added). This definition applies to section 812.019(1), Florida Statutes (2012), under which Appellant was charged and convicted. Thus, given the circumstances of this case, it is clear that Appellant committed two separate crimes and was not subjected to double jeopardy.
Second, the trial court did not impose enhanced sentences despite finding Appellant to be an HFO. As noted above, Appellant was convicted of two second-degree felonies for dealing in stolen property concerning the two laptops taken on different dates, from different victims, and from different locations. Based upon the considerations set forth above when discussing double jeopardy, it is clear that Appellant committed two separate crimes for the purpose of evaluating the application of section 775.021, Florida Statutes (2012). Conviction of a second-degree felony may be punished by up to fifteen years’ incarceration. § 775.082(3)(c), Fla. Stat. (2012). Thus, Appellant’s sentence for each conviction was within the statutory range. The trial court is required by section 775.021(4)(a) to sentence a defendant separately on each charge and is given discretion to impose the sentences concurrently or consecutively as it sees fit. See Elliott v. State, 9 So.3d 660, 663 (Fla. 5th DCA 2009).
Despite designating Appellant as an HFO in both cases, the trial court did not impose an enhanced sentence in either case. Even if it had taken into account the designation of Appellant as an HFO following each conviction, the total permissible enhanced sentence was thirty years for each conviction. § 775.084(4)(a)(2), Fla. Stat. (2012). Here, Appellant was sentenced to a total of twenty-five years’ consecutive incarceration, which did not exceed the standard permissible sentence, let alone the available permissible enhancement for either conviction; this sentence was therefore permissible. Elliott, 9 So.3d at 663.
We have carefully considered the other arguments raised by Appellant related to his conviction and conclude that they do not merit relief.
Accordingly, the case is remanded with instruction to enter a corrected written judgment and sentence that conforms to the oral designation of Appellant as an HFO. In all other respects, the judgment is affirmed.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.
ORFINGER and COHEN, JJ., concur.