DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUKE PETRUSCHKE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3180

[May 18, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 09-019779CF10A.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

After the reversal of appellant's conviction in *Petruschke v. State,* 125 So. 3d 274 (Fla. 4th DCA 2013), appellant was convicted upon retrial. We reverse, because the trial court erred in not granting his unequivocal request to represent himself after the "complex, multi-faceted hearing" required in this area of the criminal law. *Jones v. State*, 658 So. 2d 122, 126 (Fla. 2d DCA 1995) (Altenbernd, J., concurring).

Appellant told the court about his dissatisfaction with his lawyer. Prior to trial, appellant wrote letters to the trial judge claiming there was "an acute conflict of interest between the defendant and his court appointed counsel." The conflict arose from counsel's refusal to request certain discovery and failure to depose witnesses. Also, counsel had not consulted with appellant on the defense strategy or "developed interrogatories for the jury pool." Appellant was unhappy that, after the trial judge denied a motion for recusal, defense counsel refused to file a petition for writ of prohibition. Appellant's view was that his attorney was required to carry out his every request. The court refused to compel counsel to file the writ.

There was no further discussion of the issue and the jury was brought in for voir dire.

Appellant revived the representation issue when he wrote the trial judge another letter, moving "for leave to proceed as self-counsel/with appointment of standby counsel." Appellant invoked his constitutional right to represent himself and claimed he was "suffering from ineffective assistance of his court appointed counsel." Appellant expressed a desire for standby counsel to safeguard his "constitutional right to an adequate opportunity to prepare an effective defense by being available to give meaningful technical assistance as to court procedures and on matters of law, in the event that termination of self-representation becomes necessary."

At a hearing, the trial judge explained to appellant the very limited role of standby counsel and went on to conduct the detailed inquiry required by *Faretta v. California*, 422 U.S. 806 (1975). Appellant confirmed that he understood he had the right to a lawyer and counsel had been appointed to represent him. He expressed his desire to not have a lawyer and instead represent himself. Appellant had not previously represented himself and understood a lawyer's legal knowledge and experience would equip the lawyer to recognize if appellant's rights had been violated and to apply the rules of evidence. Appellant understood he did not have the same understanding as a lawyer regarding the introduction of evidence or other legal "grey areas." Appellant understood that there were "a lot of advantages to having a lawyer and a lot of disadvantages" to his self-representation.

The questioning continued and appellant stated he understood the seriousness of the charges, that he faced a maximum penalty of life imprisonment, and that he would receive no special consideration if he represented himself. Appellant acknowledged that he might not recognize the possibility of lesser included offenses. He obtained his legal experience from research and understood that when sent back to jail each night during trial, he might not have time to do research. Appellant understood that at trial he would be called on to make legal arguments and cross-examine witnesses. Appellant conceded that jury instructions were governed by complicated legal principles that he might not fully comprehend. Finally, appellant understood that if he dug himself into a legal hole by his self-representation, he might lose certain appellate rights.

Despite all of this, appellant said he wanted to represent himself.

The judge then turned to appellant's request to discharge defense counsel and conducted a hearing under *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973). The court asked appellant to specify why he felt he

was not being adequately represented, beyond his assertion that he would not get a fair trial. Appellant said that his counsel spoke to appellant's mother without permission. Appellant reiterated his desire for a petition for writ of prohibition directed at the trial judge's denial of a motion to recuse, which counsel refused to file. Defense counsel stated he had permission to speak to appellant's mother in order to update her on the case, but he did not speak to anyone else. Counsel noted he had been an attorney for 23 years, had tried numerous cases, and was ready to proceed.

The trial court ruled that counsel would continue to represent appellant. The judge made no specific findings, simply stating the motion to remove defense counsel was denied and counsel would be representing appellant "during the course and scope of the trial."

The court made no reference to appellant's *Faretta* request.

It appears the trial judge combined the *Faretta* and *Nelson*, rulings, even though they involve distinct issues.

When a defendant wants to discharge counsel, saying that the lawyer is ineffective, the trial court conducts a *Nelson* inquiry to determine whether appointed counsel is rendering effective legal assistance to the defendant. If the court finds that there is reasonable cause to believe that court appointed counsel is not rendering effective assistance to the defendant, the court should "appoint a substitute attorney who should be allowed adequate time to prepare the defense." *Nelson*, 274 So. 2d at 259. If there is no reasonable basis for a finding of ineffective representation, the court should "advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute." *Id.*

If a defendant has made an unequivocal request to represent himself, the purpose of a *Faretta* hearing is to "determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel." *McCray v. State*, 71 So. 3d 848, 864 (Fla. 2011) (quoting *Tennis v. State*, 997 So. 2d 375, 378 (Fla. 2008)); *see* Fla. R. Crim. P. 3.111(d)(2)-(3). Where a defendant is "made aware of the dangers and disadvantages of self-representation," "the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). The likelihood that a defendant would incompetently represent himself is not a valid reason to deny an unequivocal and knowing request for self-representation. *E.g.*, *Hooker v. State*, 152 So. 3d 799, 802 (Fla. 4th DCA 2014).

- 3 -

Here, the trial court's *Nelson* inquiry disclosed nothing that supported appellant's allegation that defense counsel was rendering ineffective assistance. The trial judge correctly did not discharge him. *See Pasha v. State*, 39 So. 3d 1259, 1262 (Fla. 2010). However, the trial judge did make several errors. The judge did not inform appellant that if he persisted in his desire to discharge counsel, no substitute attorney would be appointed. Additionally, the trial judge did not address appellant's unequivocal *Faretta* request after the *Nelson* ruling, failing to make any findings under *Faretta*. *See Williams v. State,* 163 So. 3d 694, 698 (Fla. 4th DCA 2015). Appellant had previously been declared competent and the trial judge's detailed *Faretta* inquiry demonstrated appellant's request to exercise his right to self-representation was unequivocal, the only two grounds to deny a *Faretta* request. *See* Fla. R. Crim. P. 3.111(d)(3); *see also Pasha,* 39 So. 3d at 1262 (stating a *Faretta* request after discharging competent counsel is presumed an unequivocal exercise of right to self-representation). "[B]oth the Florida and the United States Supreme Courts require that courts honor a defendant's request for self-representation, if the defendant knowingly and intelligently waives the right to counsel." *McKinney v. State,* 850 So. 2d 680, 682 (Fla. 4th DCA 2003). The error in this case is structural and not subject to harmless error review. *Williams*, 163 So. 3d at 699.

*Reversed and remanded for a new trial.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

- 4 -