**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEIGH-DAVIS GLASS,

Defendant - Appellant.

No. 05-50221

D.C. No. 02-CR-331-DOC

MEMORANDUM [*]

---

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 2, 2009
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and MOLLOY, [**] District Judge.

Leigh-Davis Glass appeals her conviction and sentence for two counts of

making a false declaration in court proceedings, two counts of bank fraud, and one

count of bankruptcy fraud.  She appeals the District Court's decision to allow her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

to represent herself, the application of a 12-level sentencing enhancement for the loss amount, and the imposition of restitution.

The District Court was correct in allowing Glass to exercise her right to self-representation. A criminal defendant has the right to waive representation by counsel and to represent herself. *Faretta v. California*, 422 U.S. 806, 807 (1975). Whether a defendant is competent to exercise the right to self-representation is determined by the same standard as whether a defendant is competent to stand trial. *Godinez v.Moran*, 509 U.S. 389, 396, 401 (1993). Nonetheless, a court may deny a defendant the right to self-representation when the defendant, though competent to stand trial, suffers from a "severe mental illness." *Indiana v. Edwards*, ___ U.S. ___, 128 S. Ct. 2379, 2387–88 (2008). Following *Edwards*, under different facts, this Court has remanded a case to allow a trial court to determine if it would have required a self-represented, mentally ill defendant to have counsel, in light of the *Edwards* decision, where the trial court's threshold *Faretta* ruling relied on the defendant's "absolute legal right" to self-representation. *United States v. Ferguson*, 560 F.3d 1060, 1063–64 (9th Cir. 2009).

Here, the District Court conducted at least three separate *Faretta* inquiries during which the judge discussed with Glass her education, her capabilities, and her desire to represent herself. While the District Court expressed concern about

2

Glass' hostility and irrational behavior, it balanced this concern against her desire to represent herself and her educational background. Glass graduated from law school. No party ever questioned Glass' competence to stand trial, and the District Court did not have evidence to suggest Glass suffered from a severe mental illness. Additionally, the District Court made findings, supported by the record, that Glass' competence was not impaired at the trial, but that she was engaging in delay tactics. Remand is not warranted under *Ferguson* because the District Court judge balanced his observations of Glass' behavior against her right to self-representation, instead of basing his decision on an "absolute" right to self-representation. *Cf. Ferguson*, 560 F.3d at 1063–64. Further, the District Court judge explained that, in his opinion, Glass was "quite capable, quite knowledgeable, and [was] obstructing the process" and that he was "absolutely convinced . . . [Glass was] quite capable of defending [herself]." The District Court correctly allowed Glass to represent herself in these proceedings.

The District Court was not mistaken when it applied a 12-level enhancement to Glass' Guidelines range for intended loss of greater than $200,000. For purposes of determining the offense level, the loss amount is the greater of actual loss or intended loss. U.S.S.G. § 2B1.1, cmt. n. 2(A) (2001). Loss may be reduced by pledged collateral. *Id.* at cmt. n. 2(E)(ii). In calculating intended loss, intended

loss is not necessarily reduced by the value of pledged collateral, but the collateral may be considered in determining the defendant's intent. *United States v. McCormac*, 309 F.3d 623, 629 (9th Cir. 2002). The District Court found Glass did not intend to repay the loan because she had used a false name, she made only one nominal payment, and she continued to challenge the bank's right to foreclose on the property at the time of sentencing. Therefore, under *McCormac*, the District Court correctly declined to credit the collateral against the intended loss amount.

Last, the District Court did not abuse its discretion when it ordered Glass to pay restitution to the defrauded bank, despite evidence the bank had recovered the funds through a foreclosure proceeding. While a district court has broad discretion to award restitution, the restitution amount must reflect collateral already received by a victim. *United States v. Smith*, 944 F.2d 618, 625–26 (9th Cir. 1991). The District Court's oral judgment was explicit that Glass would not be required to pay restitution if the loss was satisfied through the foreclosure. However, the written judgment does not reflect this fact. To ensure clarity, the case is remanded so the District Court can amend the written judgment to reflect the oral pronouncement that Glass need not pay restitution if the bank received the full amount of the fraudulently obtained mortgage from the foreclosure sale. *See United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009).

4

**AFFIRMED and REMANDED for the limited purpose of conforming the written judgment to the oral judgment announced at sentencing.**