FILED

**NOT FOR PUBLICATION**

AUG 16 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff-Appellee, | No. 11-50305 |
| v. | D.C. 2:10-cr-01032-JFW-1 |
| ROBERTO BARAJAS-CUEVAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 10, 2012**
Pasadena, California

Before:    SILVERMAN and WARDLAW, Circuit Judges, and FOGEL, District
Judge***

Defendant-Appellant Roberto Barajas-Cuevas ("Barajas-Cuevas") appeals

his conviction and sentence following his plea of guilty to one count of illegal

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jeremy Fogel, District Judge, United States District Court
for the Northern District of California, sitting by designation.

reentry of an alien in violation of 8 U.S.C. § 1326. He asserts that the district court erred by: finding that he was competent to stand trial; permitting him to represent himself; and imposing a sentence of fifty-one months imprisonment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

The district court did not clearly err in finding that Barajas-Cuevas was competent to stand trial. *See United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002) (articulating clear error standard). A defendant is competent to stand trial if he (1) "has 'a rational as well as factual understanding of the proceedings against him'" and (2) "'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*)) (emphasis omitted). Competency to stand trial must be established by a preponderance of the evidence. *United States v. Chischilly*, 30 F.3d 1144, 1150 (9th Cir. 1994).

The district court conducted a competency hearing following a court-ordered evaluation of Barajas-Cuevas by a Bureau of Prisons ("BOP") forensic

_____

[1] We decline to consider additional arguments set forth in an unauthorized supplemental brief that was submitted by Barajas-Cuevas on July 26, 2012. *See* Fed. R. App. P. 28(c).

2

psychologist.  The psychologist concluded that while some of Barajas-Cuevas's comments superficially might suggest an underlying thought disorder or delusional belief system - e.g., statements that the court was in "default" and that Barajas-Cuevas "followed the Uniform Commercial Code" - Barajas-Cuevas was able to ascertain reality and realistically appraise his behavior.  She found no evidence that Barajas-Cuevas suffered from a major mental disorder that would impair his ability to understand the proceedings against him and assist counsel in his defense.  She opined that Barajas-Cuevas's belief in a philosophy espoused by tax protestors and anti-governmental groups was at the root of his conduct, which she characterized as "volitional in nature and not the product of genuine mental illness."

The BOP evaluation was the only evidence submitted on the issue of competency.  Barajas-Cuevas argues that the district court nonetheless should have disregarded the evaluation in light of his numerous nonsensical challenges to the court's jurisdiction, references to the Uniform Commercial Code, and other unorthodox utterances.  Viewing the evidence in the light most favorable to the government, *see Chischilly*, 30 F.3d at 1150, we conclude that the district court did not clearly err in finding Barajas-Cuevas competent to stand trial.

II.

Nor did the district court err in permitting Barajas-Cuevas to represent himself. "[A] trial court *may* insist on representation for a defendant who is competent to stand trial but who is suffering from a severe mental illness to the point where he is not competent to perform the more arduous task of representing himself." *United States v. Johnson*, 610 F.3d 1138, 1144-45 (9th Cir. 2010) (citing *Edwards*, 544 U.S. at 178) (emphasis added). We have not addressed the question of when, if ever, a trial court *must* insist on representation for such a defendant. *See id.* at 1145. We need not reach that question here, however, because the district court did not clearly err in finding that Defendant was competent to represent himself. *See id.* at 1145-46.

*United States v. Ferguson*, 560 F.3d 1060 (9th Cir. 2009), does not compel a different result. In *Ferguson*, we remanded because the district court had not had the benefit of *Edwards* and thus had not considered the defendant's competency to represent himself as an inquiry separate from his competency to stand trial. *Id.* at 1070. In the present case, the district court did consider the two competency inquiries separately. Immediately following its oral ruling that Barajas-Cuevas was competent to stand trial, the district court conducted a *Faretta*[2] hearing. After

---

[2] *Faretta v. California*, 422 U.S. 806 (1975) (establishing a defendant's constitutional right to represent himself when he voluntarily and intelligently elects

noting that the BOP evaluation did not suggest any mental disorder that would prevent Barajas-Cuevas from waiving his right to counsel, the court solicited the opinion of the public defender then representing Barajas-Cuevas, who agreed that Barajas-Cuevas was competent. The court also engaged Barajas-Cuevas in a lengthy colloquy, which culminated in the court's finding that although he has a different view of the justice system than most, Barajas-Cuevas was articulate, intelligent, and mentally competent.

Barajas-Cuevas contends that the district court failed to address how he would perform particular trial tasks - "organization of defense, making motions, arguing points of law, participating in *voir dire*, questioning witnesses, and addressing the court and jury" - identified in a parenthetical to a case citation in the *Edwards* decision. *Edwards*, 554 U.S. at 176 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984)). However, nothing in *Edwards* suggests that a district court must make such specific findings. Barajas-Cuevas also asserts that the district court failed to take into account his "bizarre" and "perplexing" behavior and his obvious inability to present viable legal arguments. The record reflects that the district court did consider Barajas-Cuevas's "UCC defense" and unorthodox utterances in concluding that Barajas-Cuevas was competent to represent himself.

to do so).

We find this case to be materially indistinguishable from *Johnson*, in which we held that "[i]n the absence of any mental illness or uncontrollable behavior, [the defendants] had the right to present their unorthodox defenses and argue their theories to the bitter end." *Johnson*, 610 F.3d at 1147.[3]

### III.

Finally, the district court did not abuse its discretion in sentencing Barajas-Cuevas to fifty-one months imprisonment. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009) ("the substantive reasonableness of a sentence - whether objected to or not at sentencing - is reviewed for abuse of discretion"). Barajas-Cuevas contends that the sentence is substantively unreasonable because a prior drug conviction that increased his offense level was stale and because the district court failed to consider all relevant factors. Those contentions are belied by the record. The district court noted at the sentencing hearing that Barajas-Cuevas had been convicted in 2000 of a felony drug offense, and that shortly after completing his sentence he began a series of attempts to reenter the United States illegally. The court concluded that Barajas-Cuevas had demonstrated a willingness

---

[3] At the time that the district court conducted the *Faretta* hearing, it appeared that Barajas-Cuevas intended to go to trial. Barajas-Cuevas changed his plea to guilty on the first day of trial. We note that competency to plead guilty is measured by the same standard applicable to competency to stand trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).

to violate the law, and that the sentence imposed must have a deterrent effect as well as reflect the seriousness of the offense.  The sentence is at the low end of the advisory Sentencing Guidelines range of fifty-one months to sixty-three months.  It is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth at 18 U.S.C. § 3553(a).  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (*en banc*).

**AFFIRMED.**