**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-4397**

─────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LARRY RODGERS, JR.,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Malcolm J. Howard, Senior District Judge.  (5:11-cr-00218-H-1)

─────────

Submitted:  April 16, 2013          Decided:  August 12, 2013

─────────

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.  Judge Diaz wrote a separate concurring opinion.

─────────

Kelly L. Greene, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Rodgers, Jr., appeals his conviction after a jury convicted him of one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2006); one count of armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d) (2006), and 2 (2006); and one count of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) (2006) and 2. Rodgers was sentenced to 209 months' imprisonment. On appeal, Rodgers argues that the district court erred in allowing him to represent himself because he was not competent to act as his own counsel, and denied him a fair trial in its management of courtroom proceedings.

The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. Faretta v. California, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent, id. at 835, and courts must entertain every reasonable presumption against waiver of counsel. Brewer v. Williams, 430 U.S. 387, 404 (1977). Because Rodgers contends he was not competent to waive counsel, we review the record to ensure that the waiver was voluntary, knowing, and intelligent. United States v. Bernard, 708 F.3d 583, 588 (4th Cir. 2013).

2

This issue, raised for the first time on appeal, is reviewed for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Bernard, 708 F.3d at 587-88.

While a trial court must determine if a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, so long as the court warns the defendant of the dangers of self-representation so that "'his choice is made with his eyes open.'" United States v. King, 582 F.2d 888, 890 (4th Cir. 1978) (quoting Faretta, 422 U.S. at 835). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938); see United States v. Singleton, 107 F.3d 1091, 1097-98 (4th Cir. 1997).

We conclude that the district court did not err in granting Rodgers' request to waive counsel and proceed pro se. Our examination of the record as a whole demonstrates that Rodgers' election to proceed pro se was knowing, intelligent, and voluntary. At the time he elected to proceed pro se, Rodgers was fully aware of the nature of the charges against him and the potential punishments he faced if convicted. The district court also informed Rodgers of the perils of

self-representation and stated its belief that he was making a mistake.

Rodgers contends that his history of depression and learning disabilities, combined with the fact that he spent his school years in special education classes, made him incompetent to represent himself, and argues that the district court erred in failing to sua sponte terminate his self-representation when it became apparent he was unqualified to represent himself. To support this argument, Rodgers points to the Supreme Court's decision in Indiana v. Edwards, 554 U.S. 164, 171 (2008), and states that "the right of self-representation is not absolute." Unlike the defendant in Edwards, however, Rodgers did not suffer from a severe mental illness, but merely displayed some difficulty communicating with the court and jury. We conclude that these difficulties were insufficient to require the court to terminate Rodgers' self-representation.

Rodgers next contends that he was deprived of a fair trial by the district court's allegedly prejudicial conduct. He asserts that the court interfered with his ability to put on a case, truncated his cross-examination of witnesses as well as his own testimony, and ultimately forced him to rest his case. We review these allegations for abuse of discretion. United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995).

4

Generally, "[q]uestions of trial management are quintessentially the province of the district courts." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006). The district court has two responsibilities in trial oversight — ensuring that "matters are clearly presented to the jury" and preventing "trials from becoming protracted and costly affairs." Id. The court "must exercise reasonable control over the interrogation of witnesses and the presentation of evidence in order to ensure the effective determination of the truth [and] to avoid needless waste of time in the presentation of a case." Castner, 50 F.3d at 1272 (internal quotation marks omitted). We will grant a new trial only if the district court's actions denied the appellant "a fair, as distinguished from a perfect, trial." United States v. Villarini, 238 F.3d 530, 536 (4th Cir. 2001) (internal quotation marks omitted).

Here, the district court did not excessively interfere with Rodgers' exercise of his right to proceed pro se, but properly required Rodgers to observe the rules of criminal procedure and evidence and exercised its discretion to limit repetitive and cumulative examination of witnesses. Thus, the district court's interventions into Rodgers' case were for the purpose of clarifying the evidence for the jury and ensuring that evidence was properly presented without undue delay.

Therefore, we conclude that Rodgers has failed to demonstrate that the district court's conduct resulted in an unfair trial.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6

DIAZ, Circuit Judge, concurring:

I continue to doubt the wisdom of applying plain error review to the appeal of a pro se defendant alleging a defective Faretta waiver on the basis of mental incompetency, for "it is paradoxical to expect a defendant to recognize his own 'gray area' competency, and then object to his own motion to proceed pro se." United States v. Bernard, 708 F.3d 583, 596 (4th Cir. 2013) (Diaz, J., dissenting). But because the facts of this case demonstrate no error in Rodgers's Faretta waiver under any standard of review, I concur in the judgment.