# Third District Court of Appeal

## State of Florida

Opinion filed March 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2859
Lower Tribunal No. 10-27774
_____

**Jesse Loor,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

LAGOA, J.

Appellant, Jesse Loor ("Loor"), appeals his final judgment of conviction and sentence, contending that the trial court should have allowed him to represent himself at trial. Because the trial court applied the incorrect legal standard in denying Loor his right to self-representation, we reverse the trial court's order denying Loor's request to waive counsel, and remand for a new trial and Faretta hearing.

## I.    **FACTUAL AND PROCEDURAL HISTORY**

On December 12, 2012, Loor was charged with one count of lewd and lascivious molestation of a person less than twelve (12) years of age under section 800.04(5)(b), Florida Statutes (2012), and one count of sexual battery on a victim less than twelve (12) years of age under section 794.011(2), Florida Statutes (2012). Both counts involved Loor's alleged conduct against his biological daughter, J.L. (a minor).

Throughout the proceedings below, Loor filed various pro se pleadings. Prior to trial, Loor filed a pro se Notice of Waiver of Counsel to discharge his appointed counsel so he could represent himself at trial. On November 26, 2013, the trial court held a pretrial hearing on Loor's notice. At the hearing, Loor's assistant public defender believed Loor was competent to represent himself, but the trial court expressed concerns and appointed a psychologist, Dr. Merry Haber ("Dr. Haber"), to evaluate Loor's competency.

Loor initially refused to speak with Dr. Haber without the presence of his appointed counsel, but subsequently changed his mind and sat for her evaluation. Upon completion of her evaluation, Dr. Haber reported the following findings: (1) Loor was not in distress; (2) Loor's "[a]ttention and concentration were intact, as well as all memory functions"; (3) "[h]is thought processes were coherent, productive, organized and goal-oriented with no loosening of associations or other overt disturbances"; and (4) he denied "paranoid, suicide and homicide ideation and hallucinations." Dr. Haber determined there was no evidence that Loor had a "major mental illness." However, Dr. Haber considered Loor "not competent to represent himself due to a lack of legal education and lack of rational understanding of the law."

On March 3, 2014, the trial court conducted a Faretta hearing. See Faretta v. California, 422 U.S. 806 (1975). The trial court informed Loor that he had a right to counsel, that counsel would be appointed to represent him if he could not afford his own, and explained the benefits of having counsel and the risks of self-representation.

On April 25, 2014, the trial court denied Loor's request to represent himself, finding that he was not mentally competent to conduct his own defense at trial. In its order, the trial court found that Loor suffered from "severe mental illness" based on: (1) "the nature of the crimes with which he [was] charged"; (2) how he

3

"expresse[d] himself in the pleadings" he filed pro se; and (3) Dr. Haber's competency evaluation. In its order, the trial court also expressed concern that Loor's self-representation would disrupt "the orderly and dignified nature of the proceedings" and that Loor might not be "the best just [sic] of his own best interests."

The matter proceeded to trial, with Loor being represented by the Public Defender's office. Upon the trial's conclusion, the jury found Loor guilty on both counts, and the trial court sentenced him to concurrent life sentences. This timely appeal ensued.

## II.    **STANDARD OF REVIEW**

A trial court's determination of competency to waive counsel is reviewed for an abuse of discretion and will be upheld if supported by competent, substantial evidence. Larkin v. State, 147 So. 3d 452, 464 (Fla. 2014).

## III.    **ANALYSIS**

On appeal, Loor contends that the trial court abused its discretion in denying his request to waive counsel. We agree. In Faretta v. California, 422 U.S. 806 (1975), the Supreme Court held that the Sixth Amendment guarantees a criminal defendant the right to proceed without counsel when he "voluntarily and intelligently elects to do so." Id. at 807. The Court subsequently qualified the right to self-representation by adopting a competency limitation in Indiana v.

4

Edwards, 554 U.S. 164 (2008). Under Edwards, states may insist on defendants being represented by counsel if they "suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves,"[1] even if they are competent to stand trial. Id. at 178. The trial court is permitted to take "realistic account" of a defendant's mental capabilities, such as "[d]isorganized thinking, deficits in sustaining attention and concentration, impaired expressive abilities, anxiety, and other common symptoms of severe mental illness." Id. at 176.

In light of Edwards, the Florida Supreme Court amended Florida Rule of Criminal Procedure 3.111(d)(3) to provide that:

> Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, *and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself.*

(emphasis added). In explaining the amendment, the Florida Supreme Court declined to limit the Faretta right to self-representation beyond the "narrow"

---

[1] These "basic tasks" include organization of defense, motion practice, arguing points of law, participating in voir dire, questioning witnesses, and addressing the court and jury. Edwards, 554 U.S. at 176.

exception recognized in Edwards. *In re* Amendments to Fla. Rule of Criminal Procedure 3.111, 17 So. 3d 272, 274 & n.3 (Fla. 2009).

Accordingly, we must begin our analysis by first determining what constitutes "severe mental illness" under Edwards and under Rule 3.111(d)(3). In Edwards, the defendant suffered from schizophrenia and other personality disorders, which were found to constitute severe mental illness. 554 U.S. at 168. In applying Edwards, courts have narrowly interpreted what qualifies as severe mental illness. For example, a defendant's misguided writing style, bizarre statements, and incorrect legal arguments alone are not evidence of "severe mental illness." Sturdivant v. State, 61 N.E.3d 1219, 1225 (Ind. Ct. App. 2016); see also United States v. Barajas-Cuevas, 492 F. App'x 745, 748 (9th Cir. 2012) (finding that the defendant's "perplexing" behavior and obvious inability to present viable legal arguments was not enough to constitute severe mental illness). Hostile behavior is also not "severe mental illness." United States v. Glass, 357 F. App'x 58, 60 (9th Cir. 2009). A mental evaluation diagnosing the defendant with a personality disorder was not severe mental illness to the point where he could not stand trial, United States v. Heard, 762 F.3d 538, 543 (6th Cir. 2014), and a history of depression and learning disabilities does not constitute severe mental illness, United States v. Rodgers, 537 F. App'x 273, 275 (4th Cir. 2013). In contrast, in Holland v. Florida, 775 F.3d 1294 (11th Cir. 2014), the court found that the

6

defendant had a severe mental illness where he suffered from "organic psychosis" from a brain injury, displayed memory loss, and often appeared incoherent. Id. at 1298-99, 1314.

Since the amendment to Rule 3.111(d)(3), Florida courts have likewise narrowly applied the Edwards exception to a defendant's right to self-representation. For example, in Larkin v. State, 147 So. 3d 452 (Fla. 2014), the Florida Supreme Court determined a trial court did not abuse its discretion in granting defendant's request to waive counsel after multiple, proper Faretta inquires. Id. at 466. At the first Faretta hearing, the trial court determined that the defendant was competent to knowingly and intelligently waive counsel. Id. at 455. After the verdict, the trial court conducted another Faretta hearing, where the stand-by public defender stated that he thought the defendant suffered from a delusional disorder and requested the trial court to order a mental health evaluation. Id. at 460-61. Upon evaluation, the psychologist determined the defendant "did not suffer from psychotic disturbances," but his "understanding of the adversarial nature of legal proceedings, his capacity to disclose pertinent facts to counsel, and his capacity to testify relevantly and coherently were unacceptable." Id. at 461. Accordingly, the psychologist concluded that the defendant was incompetent to proceed. Id. The trial court was skeptical of the first report, so it ordered a second expert's report. See id. at 461-62. The second

expert, a psychiatrist, examined the defendant and concluded he was competent to proceed, as he "fully appreciated the charges and the range of penalties, understood the adversarial nature of the legal process, and had the capacity to disclose pertinent facts to counsel." Id. at 462. After a third expert made similar findings as the second expert, the trial court again found the defendant competent to waive counsel. Id. Due to these evaluations and the events that occurred in trial, the Larkin court determined there was no abuse of discretion. Id. at 465.

Florida district courts of appeal have reversed lower court efforts to bar self-representation without a trial court finding the defendant suffered from severe mental illness. For example, in Williams v. State, 163 So. 3d 694 (Fla. 4th DCA 2015), the court stated that "possession of legal skills or knowledge is not the legal equivalent to competency." Id. at 697. The Williams court held the trial court erred in denying the defendant's waiver of counsel *solely* based on lack of sufficient legal knowledge, as it did not make findings under Faretta that the defendant knowingly, voluntarily, and intelligently sought to waive his right to counsel, or under Edwards that the defendant suffered from severe mental illness. Id. at 697-98; see also Thompson v. State, 37 So. 3d 939, 940 (Fla. 2d DCA 2010) (noting the record only showed that the court questioned the defendant "at some length about legal issues" before denying the request since it was a possible five-year sentence).

Significantly, once a trial court determines a defendant is competent to "knowingly and intelligently" waive his right to counsel and does not have severe mental illness, the Faretta inquiry is over. "[W]hether the defendant 'could provide himself with a substantively qualitative defense'" does not fall under the Edwards exception. Muehleman v. State, 3 So. 3d 1149, 1160 (Fla. 2009) (quoting State v. Bowen, 698 So., 2d 248, 251 (Fla. 1997)); see also Wilson v. State, 201 So. 3d 203, 204 (Fla. 2d DCA 2016) (holding the trial court erred by focusing only on the defendant's legal knowledge); Hooker v. State, 152 So. 3d 799, 802 (Fla. 4th DCA 2013) ("The likelihood that a defendant would incompetently represent himself is not a valid reason to deny his unequivocal request for self-representation.").

In the instant case, there is no competent, substantial evidence that Loor had a severe mental illness at the time of his Faretta hearing. After evaluating Loor, Dr. Haber clearly stated in her report that "[t]here was no evidence" that Loor had a major or severe mental illness. Instead, Dr. Haber found Loor was "not competent to represent himself due to a lack of legal education and lack of rational understanding of the law." As discussed above, that is not the proper legal standard under Edwards or Rule 3.111(d)(3) to deny Loor his right to self-representation. The trial court should have disregarded Dr. Haber's conclusion that Loor was incompetent to represent himself solely based on his lack of legal

9

education and rational understanding of the law. Cf. United States v. Green, 623 F. App'x 571, 574 (2d Cir. 2015) (agreeing with the trial court's decision to ignore the psychiatrist's evaluation determining the defendant was incompetent largely based on his ignorance of legal principles). We therefore find that the trial court's reliance on Dr. Haber's finding that Loor was "not competent to represent himself due to lack of legal education" was error.

Because the trial court did not deny Loor's motion solely based on Dr. Haber's report, we turn to the additional findings that formed the basis of the trial court's ruling. First, the trial court concluded that the way Loor "expresse[d] himself in the pleadings" he filed pro se, i.e., "wildly erratic as to content," indicated severe mental illness. As discussed above, this fact alone is irrelevant to the Edwards inquiry, nor is there anything in the record to support the trial court's diagnosis of severe mental illness based on the content of Loor's pleadings. Second, the trial found that "the nature of the crimes with which [Loor was] charged"—forcible sexual intercourse with his minor daughter—was "symptomatic of 'severe mental illness.'" While these charges, if true, are indeed serious, this is not a proper factor to determine severe mental illness under Edwards or Rule 3.111(d)(3). Additionally, there is nothing in the record to support the trial court's diagnosis of severe mental illness based on the nature of the crime allegedly committed. Moreover, determining competency to waive

counsel based on the charges filed against a defendant runs contrary to the principle that a defendant is "presumed innocent until proven guilty." Finally, the trial court expressed concern that Loor's self-representation would disrupt "the orderly and dignified nature of the proceedings" and that Loor might not be "the best just [sic] of his own best interests." Again, as stated in both Edwards and the amendment to Rule 3.111(d)(3), this is not the relevant legal standard.

Accordingly, we hold that the trial court abused its discretion in denying Loor the right to represent himself at trial as the trial court applied the incorrect legal standard in Loor's Faretta hearing.

IV. **CONCLUSION**

As the trial court incorrectly applied the legal standard stated in Edwards and Rule 3.111(d)(3), we find the trial court abused its discretion in determining Loor was not competent to waive his counsel. We reverse the trial court's order denying Loor's request to waive counsel and remand for a new trial and Faretta hearing.

Reversed and remanded for a new trial and Faretta hearing.