DAVIS, Judge.
Joseph N. Perry challenges the trial court order dismissing his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he raised two sentencing issues. We affirm *42 without prejudice to any right Perry may have to file such a motion pro se.
Perry was convicted after jury trial of attempted first-degree murder with a firearm, and he pleaded no contest to felonious possession of firearms. The trial court sentenced Perry to concurrent thirty-year terms of incarceration as a habitual violent felony offender. Perry subsequently filed a rule 3.850 motion alleging ineffective assistance of trial counsel, which was summarily denied by the trial court. On appeal, this court reversed in part and remanded for an evidentiary hearing. Perry v. State, 787 So.2d 67 (Fla. 2d DCA 2001). On remand, following an evidentiary hearing, the trial court again denied Perry’s motion and appointed the Office of the Public Defender to assist him in bringing his appeal.
While his appeal was pending, Perry petitioned this court to relinquish jurisdiction to the trial court so that he could raise sentencing issues pursuant to rule 3.800(a). When this court granted that request, Perry’s attorney filed his motion challenging his sentence on two grounds: (1) that his habitual violent felony offender sentence was illegally imposed because at the time of his offense, such a sentence was not authorized for life felonies; and (2) that his sentence for count two was never orally pronounced. The trial court dismissed this motion as unauthorized in that the public defender was only appointed to represent Perry in the appellate proceedings and thus was not authorized to represent Perry in the collateral challenge of his sentence. Subsequently, this court affirmed the denial of Perry’s rule 3.850 motion, Perry v. State, No. 2D01-4349 (Fla. 2d DCA Jan. 23, 2004) (table decision), and Perry filed this appeal of the trial court’s dismissal of his rule 3.800(a) motion.
Although the issues raised in Perry’s rule 3.800(a) motion may be meritorious, the trial court did not err in finding that, under section 27.51, Florida Statutes (2002), which outlines the duties of the public defender, the public defender here was not authorized to file Perry’s collateral attack. Accordingly, we affirm the trial court’s dismissal of Perry’s rule 3.800(a) motion without prejudice to any right Perry may have to file such a motion pro se.
Affirmed.
WHATLEY and VILLANTI, JJ„ Concur.