949 So.2d 376 (2007)
Richard MUCCIO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3194.
District Court of Appeal of Florida, Fourth District.
March 7, 2007.
Richard Muccio, Jasper, pro se.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Richard Muccio appeals the denial of a rule 3.850 motion and an amended motion, and the circuit court's failure to rule on a second amended post-conviction motion. We affirm and write to address two of the issues raised on appeal.
Appellant filed a timely rule 3.850 motion raising four grounds to withdraw his plea. The State agreed that he was entitled to an evidentiary hearing on at least one claim. The circuit court granted an evidentiary hearing and appointed counsel to represent appellant. Shortly before the evidentiary hearing, appellant filed a pro se amended rule 3.850 motion raising an additional claim.
When the hearing commenced, the trial court addressed the propriety of filing a pro se motion while appellant was represented by counsel. The court informed appellant that he could not represent himself at the same time that he is represented by counsel and that he would have to make a choice whether he wanted the assistance of counsel or whether he wanted to appear pro se. Appellant elected to have counsel. The court informed him that any arguments he made would have to *377 be made through counsel. His attorney adopted the first amended motion, and the trial court bifurcated the evidentiary hearing to consider the amended motion.
After the second portion of the evidentiary hearing was concluded, but before the trial court entered its ruling and before the time under rule 3.850(b) expired, appellant filed a second pro se amended rule 3.850 motion raising several additional grounds for relief. The trial court denied the original motion and the first amended motion, but did not address the second amended motion.
We agree with the State that the second amended motion was a nullity because appellant was represented by counsel and counsel did not adopt the motion. See Logan v. State, 846 So.2d 472 (Fla.2003).
We also address the first point raised on appeal and in the original rule 3.850 motion. Appellant alleged that his trial attorney provided ineffective assistance by not moving to dismiss Count II of the information, charging him with failure to return leased property pursuant to section 812.155, Florida Statutes. Appellant argued that he could not be convicted under this statute because the lease agreement did not include the notice required by section 812.155(6), and if he had known this count could have been dismissed, he would not have accepted the State's plea offer and would have elected to go to trial.
In denying this claim, the court summarized the evidence presented at the hearing and found defendant's testimony that he would have gone to trial on Count I if Count II had been dismissed not credible. The trial court's finding is supported by competent substantial evidence. Appellant is a thirteen-time convicted felon and he was facing thirty years in prison as a habitual felony offender for Count I, dealing in stolen property. The State offered appellant a total sentence of fifteen years in prison for all three pending charges, Counts I and II, and a charge for possession of cocaine. The offer was a package deal, but the prosecutor explained that based on appellant's extensive prior record and the strength of the State's case on Count I, he would not have offered him less than fifteen years in prison even if he was charged only with Count I. Defense counsel explained in detail why he advised appellant that he did not have a viable defense on Count I. We agree that appellant's proposed defense to Count I was very unlikely to succeed at trial.
The trial court's findings are supported by the record. Based on the evidence presented at the evidentiary hearing, appellant was not prejudiced by trial counsel's failure to move to dismiss Count II.
The circuit court's order is affirmed.
STEVENSON, C.J., WARNER and SHAHOOD, JJ., concur.