DAVIS, Judge.
 

 Frederick Murray challenges the post-conviction court’s order dismissing his pro se motion for postconviction DNA testing
 
 *408
 
 filed pursuant to Florida Rule of Criminal Procedure 3.853 and the order denying his motion for rehearing of that dismissal. Based on the record before this court and the concession of error by the State, we conclude that the postconviction court improperly dismissed Murray’s rule 3.853 motion because the record does not show that Murray was represented by counsel in that proceeding. Accordingly, we reverse the order dismissing Murray’s motion and remand for the postconviction court to review Murray’s pro se motion.
 

 Murray originally pleaded guilty to one count of armed robbery and one count of attempted first-degree murder. He was sentenced on January 2, 1986, to concurrent life terms with a three-year minimum mandatory term on each count. Murray originally filed two separate pro se post-conviction motions in the circuit court. He filed a motion for postconviction relief pursuant to rule 3.850 and a motion for post-conviction DNA testing pursuant to rule 3.853. Because the rule 3.850 motion alleged a facially sufficient claim that was not refuted by the record, the postconviction court ordered an evidentiary hearing on the motion. The postconviction court appointed counsel to Murray for the purpose of the evidentiary hearing on the rule 3.850 motion. Separately, the postconviction court denied Murray’s pro se rule 3.853 motion as untimely. Murray appealed that denial, and this court determined that although the postconviction court incorrectly denied the rule 3.853 motion as untimely, Murray failed to allege a facially sufficient basis for relief. Accordingly, this court affirmed the denial without prejudice to Murray to refile a facially sufficient rule 3.853 motion.
 
 See Murray v. State,
 
 978 So.2d 176 (Fla. 2d DCA 2007).
 

 On remand, Murray filed a second pro se motion for DNA testing. At the time of that filing counsel was still appointed for the evidentiary hearing on his rule 3.850 motion. The postconviction court, citing
 
 Wright v. State,
 
 766 So.2d 224 (Fla.2000) (table decision), dismissed the pro se rule 3.853 motion, concluding that since he had been appointed counsel, Murray’s pro se motion was a nullity. Murray filed a motion for rehearing of the dismissal, claiming that this court had specifically allowed him to refile his motion and that
 
 Wright
 
 was not a proper basis for dismissing his motion because it was merely a table opinion. The postconviction court denied Murray’s motion for rehearing on January 14, 2008.
 

 A defendant does not have the right to file pro se motions while also represented by counsel, and such motions should be treated as nullities unless they unequivocally seek to discharge counsel.
 
 Purnell v. State,
 
 931 So.2d 134, 135 (Fla. 2d DCA 2006) (citing
 
 Mourra v. State,
 
 884 So.2d 316 (Fla. 2d DCA 2004)). Moreover, when a pro se motion for postconviction relief has been filed and counsel is appointed for the purposes of representation at an evidentiary hearing on that motion, the filing of an amended, pro se rule 3.850 motion subsequent to the appointment of counsel should be treated as a nullity unless counsel adopts the claims in the amended pro se motion.
 
 Muccio v. State,
 
 949 So.2d 376 (Fla. 4th DCA 2007).
 

 However, the facts of this case differ from those in
 
 Muccio.
 
 Murray did not file an amended pro se motion related to the rule 3.850 motion for which he already had been appointed counsel. Instead, Murray filed a pro se motion seeking relief under a separate rule of criminal procedure. Although the record before this court does not include the order of appointment of counsel, there is absolutely nothing in the record to suggest that the scope of the appointment was intended to be anything more than for the purposes of the eviden-
 
 *409
 
 tiary hearing on Murray’s rule 3.850 motion. In order for the postconviction court to summarily dismiss Murray’s pro se motion for DNA testing under rule 3.858 as a nullity, the postconviction court must attach specific record support to the order of dismissal showing that Murray was represented by counsel either appointed or retained for the specific purpose of representing him on his rule 3.853 motion. See
 
 generally Dowda v. State,
 
 417 So.2d 1147, 1147 (Fla. 5th DCA 1982) (holding that a circuit court was required to attach record evidence specifically showing that counsel was “appointed or retained to file and prosecute” a rule 3.850 motion before treating it as a nullity).
 

 Furthermore, even if the postconviction court could provide record attachments to show that the order of appointment required Murray’s counsel to represent him on all pro se filings made during the time the court considered his rule 3.850 motion, there is nothing in the record before this court to indicate that the postconviction court made any attempt to determine whether counsel adopted the pro se motion before dismissing it.
 
 Cf. Muccio,
 
 949 So.2d 376 (discussing possibility of allowing counsel opportunity to adopt pro se amendment to rule 3.850 after counsel was appointed for the purposes of an evidentia-ry hearing on the motion).
 

 The State conceded that the postconviction court failed to adequately address the scope of the appointment of counsel. Accordingly, we reverse the order dismissing Murray’s rule 3.853 motion and remand for the postconviction court to reconsider Murray’s motion. We note that the record indicates that Murray’s rule 3.850 motion has been fully resolved and that his appointed counsel has been discharged from further representation. Accordingly, any consideration of the scope of that appointment is now moot.
 

 Reversed and remanded.
 

 FULMER and VILLANTI, JJ., Concur.