NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEROY JONATHAN TARVER,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D12-5345
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed August 20, 2014.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender, and
William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.

SLEET, Judge.

⠀⠀⠀⠀⠀Leroy Jonathan Tarver appeals his convictions and sentences following a

jury trial. Tarver raises two issues on appeal. We affirm his convictions and the second

issue without further comment; however because the trial court applied the wrong

standard when it denied Tarver's request to proceed to the sentencing hearing pro se,

we reverse and remand for the trial court to vacate Tarver's sentences and to conduct another sentencing hearing.

Tarver filed two motions for a Nelson[1] hearing prior to trial. Both motions were heard and the trial court ultimately determined that counsel's performance was satisfactory. Tarver proceeded to trial with the assistance of counsel. The jury convicted Tarver of sale of cocaine within a thousand feet of a church, possession of cocaine, sale of cannabis within a thousand feet of a church, and possession of marijuana. After trial but before sentencing, Tarver filed a third motion for a Nelson hearing alleging that trial counsel was incompetent, had a conflict of interest, and was not adequately representing him. The trial court held a hearing and again denied Tarver's request for new counsel. Tarver then asked to proceed pro se to sentencing. The trial court conducted a Faretta[2] inquiry, and ultimately denied Tarver's request to proceed pro se because it found that he was incompetent to represent himself. Tarver remained represented by counsel at his sentencing hearing.

"Faretta requires that a defendant's decision to represent himself be made knowingly, intelligently, and in such a manner that 'the record will establish that he knows what he is doing and his choice is made with eyes open.' " Gillyard v. State, 704 So. 2d 165, 166 (Fla. 2d DCA 1997) (quoting Faretta, 422 U.S. at 835). "Reversal is required where a defendant unequivocally requests to represent himself and the trial court denies the request without determining–after conducting a proper Faretta inquiry– that the choice of self-representation was not made knowingly and intelligently."

---

[1]Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

[2]Faretta v. California, 422 U.S. 806 (1975).

Goldsmith v. State, 937 So. 2d 1253, 1256-57 (Fla. 2d DCA 2006). The standard is whether a defendant is competent to waive his right to counsel, not whether he is competent to represent himself. Fleck v. State, 956 So. 2d 548, 549 (Fla. 2d DCA 2007); see also Eggleston v. State, 812 So. 2d 524, 525 (Fla. 2d DCA 2002) ("A criminal defendant who is competent to choose self-representation may not be denied that choice, even though the decision for self-representation will most certainly result in incompetent trial counsel."). There is no harmless error analysis available for this error. Eggleston, 812 So. 2d at 525.

The transcripts of the pre-sentencing hearing suggest that the trial court found Tarver to be competent; however the court ultimately denied Tarver's request because he "d[idn't] have the minimum capability to adequately represent [him]self." Because it is clear from the record on appeal that the trial court applied the wrong standard, we reverse and remand for the court to vacate Tarver's sentence and conduct another sentencing hearing. If Tarver again seeks to waive his right to counsel, the court should conduct another Faretta inquiry and determine whether Tarver is competent to waive his right to counsel. If it finds that he is, Tarver should be allowed to represent himself at the sentencing hearing.

Affirmed in part, reversed in part, and remanded.


ALTENBERND and WALLACE, JJ., Concur.