NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT L. EIB,                         )
                                       )
      Appellant,              )
                                       )
v.                                     )     Case No. 2D13-5599
                                       )
STATE OF FLORIDA,                      )
                                       )
      Appellee.               )
                                       )
_____ )

Opinion filed May 13, 2016.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas and Thomas
Krug, Judges.

Howard L. Dimmig, II, Public Defender, and
Carol J.Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Robert L. Eib, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

      Robert Eib appeals his judgment and sentences for two counts of sale of

cocaine and two counts of sale of hydrocodone. After trial, but before sentencing, Eib

filed a motion to proceed pro se. He argues that the trial court erred by denying the motion after failing to conduct a proper hearing pursuant to Faretta v. California, 422 U.S. 806 (1975). The State properly concedes error. However, while we agree that Eib's sentences must be reversed, we conclude that a reversal of the judgment is not required at this time.

Our record reflects that at the hearing on Eib's motion, the trial court inquired about Eib's dissatisfaction with his counsel. Eib expressed that his counsel was not putting forth enough effort on his case and that his counsel complained that the case was too complex. After counsel denied making such a statement, both he and Eib provided conflicting accounts of conversations that occurred between them. Although Eib's trial counsel asked the court to let him withdraw from the case and to allow Eib to proceed pro se, the trial court denied Eib's motion. In doing so, the trial court commented that Eib presented insufficient evidence that his counsel was ineffective. The transcript reflects then that the hearing was more in the nature of a Nelson[1] hearing, rather than a Faretta hearing.

Defendants in a criminal trial have a constitutional right of self-representation, and thus once a defendant makes an unequivocal request for self-

---

[1]Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973). A Nelson hearing is required in a criminal proceeding where a defendant moves to discharge his appointed counsel. At the Nelson hearing, the trial court must inquire as to the reasons for such a motion, and if counsel's incompetency is given as the reason, the trial court must inquire with the defendant and his counsel "to determine whether or not there is a reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Id. at 258-59. If reasonable cause exists, the court is required to make a finding to that effect and appoint substitute counsel, but if no reasonable cause is established, "the trial court should so state on the record and advise the defendant that if he discharges his original counsel[,] the State may not thereafter be required to appoint a substitute." Id. at 259.

representation, the trial court must "hold a hearing[] to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel." Tennis v. State, 997 So. 2d 375, 378 (Fla. 2008). "[A] defendant need not articulate a reason to invoke his right of self-representation." Laramee v. State, 90 So. 3d 341, 345 (Fla. 5th DCA 2012). As part of the Faretta inquiry, "[t]rial courts are . . . required to instruct defendants about the disadvantages and dangers associated with self-representation." Goldsmith v. State, 937 So. 2d 1253, 1256 (Fla. 2d DCA 2006). The failure to hold a proper Faretta hearing at a critical stage of the proceedings is reversible error. See Tennis, 997 So. 2d at 379; Tarver v. State, 145 So. 3d 911, 912 (Fla. 2d DCA 2014); Goldsmith, 937 So. 2d at 1256. Sentencing is a critical stage of the proceedings. See Cuyler v. State, 131 So. 3d 827, 828 (Fla. 1st DCA 2014). Consequently, because the trial court failed to conduct a proper Faretta hearing, we must reverse Eib's sentences and remand for resentencing.[2]

In addition to challenging the denial of his motion to proceed pro se, Eib also challenges the denial of his pro se motions for judgment of acquittal, new trial, and mistrial and to disqualify the trial judge. These motions were filed after Eib's counsel filed motions for judgment of acquittal and new trial on Eib's behalf. At the hearing on the motions filed by counsel, counsel referred to one of the arguments made by Eib in Eib's pro se motion for mistrial. However, counsel did not refer to any other arguments contained within Eib's pro se motions, and Eib's pro se motions were not specifically denied. The pro se motions were also a critical stage of the proceedings, see Howard v. State, 147 So. 3d 1040, 1043 (Fla. 1st DCA 2014), and the trial court's failure to

---

[2]Resentencing would follow a proper Faretta hearing if Eib elects to again seek to represent himself on remand.

conduct a proper <u>Faretta</u> hearing therefore may have affected Eib's right to proceed pro se on the pro se posttrial motions.[3]

Yet despite the fact that the trial court's failure to address Eib's other pro se posttrial motions appears to have flowed from the failure to conduct a proper <u>Faretta</u> hearing, we conclude that an automatic reversal of the order denying counsel's motion for judgment of acquittal and motion for new trial is not required.[4]  This is because there is a possibility that on remand, Eib may either elect to proceed with counsel or the trial court may determine that Eib is not competent to waive his right to counsel.  If Eib again seeks to waive his right to counsel, the trial court should conduct a proper <u>Faretta</u> inquiry and determine whether Eib is competent to do so.  If the trial court determines that Eib is knowingly and intelligently waiving his right to counsel, Eib should be allowed to represent himself at the resentencing hearing,[5] the order denying counsel's motions for judgment of acquittal and new trial should be vacated, and the trial court should consider Eib's pro se posttrial motions.  However, if Eib elects not to seek to waive his

---

[3]Presumably the trial court did not address the other pro se motions because Eib was still represented by counsel as a result of the trial court's failure to conduct a proper <u>Faretta</u> hearing.  Thus, Eib's pro se motions would have been considered nullities.  <u>See</u> <u>Sheppard v. State</u>, 17 So. 3d 275, 279 (Fla. 2009) (recognizing that "a defendant has no Sixth Amendment right to simultaneously proceed pro se and with legal representation"); <u>Murray v. State</u>, 1 So. 3d 407, 408 (Fla. 2d DCA 2009) (noting that defendants do not have the right to file pro se motions while represented by counsel and that such motions are treated as nullities unless they unequivocally seek to discharge counsel).

[4]<u>Cf.</u> <u>Howard</u>, 147 So. 3d at 1044 (reversing sentence and remanding for new sentencing hearing and also vacating order denying pro se motion for new trial and remanding for hearing where trial court failed to conduct proper <u>Faretta</u> inquiry prior to sentencing and prior to ruling on pro se motion for new trial).

[5]<u>See</u> <u>Tarver</u>, 145 So. 3d at 912.

- 4 -

right to counsel, or if the trial court finds that he is not competent to waive his right to counsel, the order denying counsel's motions for judgment of acquittal and new trial shall remain in effect, and the trial court will not need to consider Eib's pro se motions as he will remain represented by counsel.  See Sheppard v. State, 17 So. 3d 275, 279 (Fla. 2009).

Finally, we note that the judgment form contains a scrivener's error.  The form incorrectly states that Eib pleaded no contest to the charges when, in fact, he was found guilty after a jury trial.  On remand, the trial court should correct the judgment form to accurately reflect the procedural posture of Eib's conviction.

Because we found no error warranting a reversal of the judgment, we affirm.[6]  However, we reverse Eib's sentences and remand for resentencing and correction of the scrivener's error.

Affirmed in part, reversed in part, and remanded for proceedings in conformance with this opinion.


SILBERMAN and BLACK, JJ., Concur.

---

[6]If Eib elects not to seek to waive his right to counsel or if the trial court determines after a proper Faretta hearing that he is not competent to do so, the judgment shall stand.  But if Eib does seek to waive his right to counsel and the trial court finds that he is competent to do so, Eib would still be entitled to appeal any ruling on his other pro se motions.