NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GEORGE BAKER,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D16-593
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed September 21, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; William H. Burgess, III,
Judge.

LUCAS, Judge.

          George Baker appeals the postconviction court's order striking as a nullity

his pro se motion filed under Florida Rule of Criminal Procedure 3.850.  Although Mr.

Baker had appointed counsel at the time he filed his motion, we reverse the court's

order because Mr. Baker's counsel had only been appointed to represent him for his

revocation of probation proceeding.

          In its order striking Mr. Baker's motion, the postconviction court stated that

on January 21, 2015, Mr. Baker pleaded guilty to grand theft and was sentenced to

probation for two years.  In July 2015, an amended affidavit of violation of probation was

filed, and the public defender was appointed to represent Mr. Baker in the revocation of

probation proceeding shortly thereafter. Mr. Baker later filed his pro se rule 3.850 motion on January 7, 2016. Citing Murray v. State, 1 So. 3d 407, 408 (Fla. 2d DCA 2009), the postconviction court struck Mr. Baker's motion as a nullity because he was represented by counsel at the time he filed it.

In Murray, we observed that "[a] defendant does not have the right to file pro se motions while also represented by counsel, and such motions should be treated as nullities" unless counsel adopts them or the defendant unequivocally seeks to discharge counsel. Id. at 408. But as we made clear in Murray, this prohibition only extends to the proceedings in which counsel represents the defendant. Id. at 408-09. Thus, we concluded that Mr. Murray's pro se rule 3.853 motion, which had been filed after counsel had been appointed to represent him in a rule 3.850 proceeding, should have been considered by the postconviction court. Id. We reversed the postconviction court's order striking his pro se motion because nothing in the record indicated that Mr. Murray's counsel had been appointed to represent him in a rule 3.853 proceeding and the postconviction court never attempted to determine whether his appointed counsel would adopt his pro se motion before dismissing it. Id. at 409.

Similar to Murray, in the case at bar, the public defender has been appointed in Mr. Baker's revocation of probation proceeding, but there is nothing within the record before us to indicate whether this appointment encompassed a rule 3.850 postconviction proceeding. Indeed, in this case's context, such an appointment would appear to be counter-intuitive because the scope of the public defender's representation in criminal proceedings ordinarily does not extend to summary postconviction proceedings. See § 924.066(3), Fla. Stat. (2015) ("A person in a noncapital case who is

seeking collateral review under this chapter has no right to a court-appointed lawyer."); Williams v. State, 99 So. 3d 593, 595 (Fla. 2d DCA 2012) ("The duties of public defenders, as enumerated in section 27.51, Florida Statutes (2008), do not include postconviction representation."); Perry v. State, 869 So. 2d 41, 42 (Fla. 2d DCA 2004) (affirming postconviction court's dismissal of a rule 3.800(a) motion filed by a public defender because the public defender had only been appointed to represent the defendant on appeal and "under section 27.51 . . . the public defender . . . was not authorized to file [the defendant's] collateral attack"); Mann v. State, 937 So. 2d 722, 726 (Fla. 3d DCA 2006) (affirming postconviction court's finding that the public defender did not represent defendant in postconviction proceedings and observing "[t]he right to representation in a postconviction collateral proceeding is generally derived by statute and only becomes constitutionally mandated if the postconviction motion presents a meritorious claim and a hearing on the motion is potentially so complex that counsel is necessary" (citing Russo v. Akers, 724 So. 2d 1151, 1152 (Fla. 1998))).

Because counsel was not appointed to represent Mr. Baker in a rule 3.850 postconviction proceeding, Mr. Baker's pro se rule 3.850 motion was not a nullity, and the postconviction court erred in striking it. Accordingly, we reverse and remand for the postconviction court to address Mr. Baker's motion.

Reversed and remanded.


CASANUEVA and SILBERMAN, JJ., Concur.