IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MOURAD BALZOURT,

     Petitioner,

 v.							Case No.  5D16-2929

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed February 24, 2017

Petition Alleging Ineffectiveness
of Appellate Counsel,
A Case of Original Jurisdiction.

Mourad Balzourt, Jasper, pro se.


Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Respondent.


EVANDER, J.

Mourad Balzourt was convicted of second-degree murder and abuse of a corpse. He was sentenced to life in prison on the murder conviction and to five years on the abuse of a corpse conviction.  His convictions were per curiam affirmed by this court.  *Balzourt v. State*, 189 So. 3d 792 (Fla. 5th DCA 2016).

Subsequently, Balzourt filed a petition and supplemental petition for postconviction relief pursuant to Florida Rule of Appellate Procedure 9.141(d), alleging ineffective

assistance of appellate counsel. He argues, *inter alia*, that appellate counsel should have raised as an issue the trial court's failure to conduct an adequate *Faretta*[1] inquiry when Balzourt requested to represent himself at the sentencing hearing. We find merit to this argument.

Balzourt was represented by counsel at trial. At the onset of the sentencing hearing, Balzourt advised the trial court of his belief that his trial counsel had a "conflict of interest" and made an unequivocal request to represent himself. The trial court made inquiry on the purported "conflict of interest" claim, but failed to conduct a *Faretta* inquiry. Thereafter, Balzourt's request for self-representation was denied.

Failure to hold a proper *Faretta* hearing at a critical stage of the proceedings is reversible error. *Eib v. State*, 191 So. 3d 977, 979 (Fla. 2d DCA 2016). Sentencing is a critical stage of the proceedings. *Id.*

Appellate counsel was ineffective in not raising on direct appeal the trial court's failure to conduct a *Faretta* inquiry. Given that Balzourt was sentenced to life, this error cannot be deemed harmless. Because a new appeal would be redundant, we grant the petition as to this issue and remand for a *Faretta* hearing. If Balzourt is allowed to represent himself following the *Faretta* hearing, the trial court is directed to vacate his present sentence and proceed with resentencing.

We find the other issues raised in Balzourt's petition to be without merit.

PETITION GRANTED, in part; DENIED, in part; and REMANDED.

PALMER and LAMBERT, JJ., concur.

---

[1] *Faretta v. California*, 422 U.S. 806, 835 (1975).

2