# Third District Court of Appeal

**State of Florida**

Opinion filed August 9, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1418
Lower Tribunal Nos. 13-24884 & 09-16471A

_____

**Titus L. Henley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Titus. L Henley, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, SCALES, and LUCK, JJ.

SUAREZ, J.

Titus L. Henley appeals from an order revoking his probation and seeks appointment of appellate counsel. It appears from the record that Henley was

represented by court-appointed counsel at the probation violation hearing, case no. F09-16471A. The probation revocation sentencing order states that the defendant has a right to assistance of counsel in taking an appeal from that order.

In the context of a pending criminal proceeding where it is clear that the defendant is currently represented by counsel and hasn't explicitly sought to discharge counsel in those proceedings, then dismissal per <u>Logan</u> would be appropriate.  <u>See</u> <u>Logan v. State</u>, 846 So. 2d 472 (Fla. 2003); <u>see also</u> <u>Murray v. State</u>, 1 So. 3d 407, 408 (Fla. 2d DCA 2009) ( holding that prohibition on pro se motions by defendants who are represented by counsel only extends to the proceedings in which counsel represents the defendant).  Here, however, the criminal proceeding has concluded and the order revoking Henley's probation and imposing sentence has been rendered.  The Order itself states that the court advised the defendant of his right "to the assistance of counsel in taking said appeal at the expense of the State upon showing indigence."  There is nothing in the record before us to indicate that defendant's counsel – appointed for the violation of probation hearing – was also appointed for purposes of appeal from that sentencing order.  We therefore remand to the trial court for determination of Henley's eligibility to have counsel appointed for purposes of appeal from the revocation of probation and sentence.