PER CURIAM.
Tyler Jacobson appeals the order granting in part and dismissing in part his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the dismissal of ground five of the motion without further discussion.[1] We affirm the dismissal of grounds one, two, and three, albeit not for the reason given by the postconviction court.
In June 2010, Mr. Jacobson was arrested and charged with burglary of a dwelling and grand theft. Mr. Jacobson was arrested again in July 2010, and charged with larceny, dealing in stolen property, burglary, and three counts of providing false information to a pawnbroker ("2010 cases"). Mr. Jacobson pleaded guilty in both cases and was sentenced to six years' state probation as a youthful offender, with his sentence in each case to be served concurrently with the other.
On April 21, 2012, Mr. Jacobson was arrested for burglary of a conveyance, grand theft, and multiple counts of petit theft ("2012 case"). As a result, he was charged with violating his probation. Thereafter, the trial court revoked Mr. Jacobson's probation and sentenced him to concurrent terms of ten years' imprisonment in both cases.[2] Mr. Jacobson entered an open plea in the 2012 case and the trial court sentenced him to five years' imprisonment on counts one and two, followed by five years' probation on counts three, five, and seven. Mr. Jacobson was sentenced to time served on all remaining charges. The incarcerative sentences in the 2012 case were to run concurrently with the sentences in the 2010 cases.
Mr. Jacobson appealed all three cases. The judgments and sentences in the 2010 cases were affirmed by this court with the mandates issuing on November 18, 2013, and January 28, 2014. See Jacobson v. State, 124 So.3d 926 (Fla. 2d DCA 2013) ; Jacobson v. State, 146 So.3d 1181 (Fla. 2d DCA 2014). This court affirmed Mr. Jacobson's judgment and sentence in the 2012 *867 case, and the mandate issued on January 28, 2014. See Jacobson v. State, 146 So.3d 34 (Fla. 2d DCA 2013).
On June 22, 2016, Mr. Jacobson filed the instant motion for postconviction relief raising five grounds. Grounds one, two, and three all related to the 2012 case, while grounds four and five related to the 2010 cases.
The postconviction court dismissed grounds one, two, and three. The judge erroneously reasoned he lacked jurisdiction because he did not preside over the 2012 case. Contrary to the judge's ruling, the postconviction court had jurisdiction over the felonies and misdemeanors in the 2012 case. See § 26.012(2)(d), Fla. Stat. (2016) ; see also art. V, § 5(b), Fla. Const. As a general matter, there is no requirement that the same judge has to preside over both the trial and postconviction proceedings.
Although the postconviction court's dismissal of claims one, two and three on that basis was erroneous, we ultimately affirm the dismissal because those claims are untimely. The ineffective assistance of trial counsel claims raised in grounds one, two, and three were not made within two years of the date of the mandate issued from Mr. Jacobson's appeal of the 2012 case and they do not meet any of the exceptions to the two-year time limit listed in rule 3.850(b). See Fla. R. Crim. P. 3.850(b) ; Robertson v. State, 829 So.2d 901, 906 (Fla. 2002) ("[T]he 'tipsy coachman' doctrine[ ] allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record.' " (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla. 1999) )). Accordingly, we affirm the postconviction court's order.
Affirmed.
CASANUEVA, CRENSHAW, and LUCAS, JJ., Concur.

Ground four of the motion was granted by the postconviction court.

These sentences were later corrected after the postconviction court granted a rule 3.850 motion that Mr. Jacobson filed in 2015.