# Third District Court of Appeal

## State of Florida

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2653
Lower Tribunal No. 15-1083

_____

**John Wilson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Charles G. White, P.A., and Charles G. White, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before SUAREZ, LOGUE, and LINDSEY, JJ.

SUAREZ, J.

John  Wilson  appeals from a final judgment of conviction and sentence.  On

appeal, Wilson raises several issues.[1]   We affirm all issues presented on appeal, and write solely to address the primary issue raised – whether Wilson knowingly and intelligently waived his 6th Amendment right to counsel.

Wilson was charged with burglary of an unoccupied dwelling, third degree grand theft, assault, trespass of an unoccupied conveyance (Case no. 15-1083), as well as additional charges arising out of the same incident of resisting an officer with violence and criminal mischief (Case no. 15-1084).   Prior to trial, and while represented by the Public Defender, Wilson filed a demand for speedy trial and announced that he wished to proceed pro se in 15-1083, but not 15-1084.[2]    The trial court held the first of several Faretta[3] hearings to determine whether Wilson was knowingly and intelligently waiving his right to court-appointed counsel. See Hardwick v. State, 521 So. 2d 1071, 1074 (Fla. 1988).   Despite the trial court's repeatedly cautioning Wilson about the consequences of both a demand for speedy trial and self-representation, Wilson articulately and unequivocally asserted his desire to represent himself.  The trial court permitted Wilson to continue pro se.

---

[1] These issues include whether the trial court should have appointed standby counsel, whether the trial court should have stricken Wilson's demand for speedy, whether Wilson knowingly waived his right to testify, and whether he should have had a pretrial competency hearing, among others.

[2] The trial court denied Wilson's request to separately prosecute the two related cases, and they were eventually consolidated under case number 15-1083.

[3] Faretta v. California, 422 U.S. 806 (1975).

At the hearing on consolidation, the trial court held another <u>Faretta</u> hearing, at which the trial court once again warned Wilson that a trained attorney could assist him with discovery, the rules of evidence, and provide Wilson with legal advice throughout the trial. Wilson stated that he intended to continue to represent himself. At the conclusion of the hearing, the trial court again asked Wilson if he wished to represent himself and if he understood what he was entering into, and Wilson answered that he understood and wanted to continue pro se.

Prior to trial, Wilson asked for more time for discovery. The trial court denied the request, reminding Wilson that he had been extensively warned of the consequences of insisting on a speedy trial date, which indicated to the court that he was trial-ready. Subsequently, Wilson asserted he still lacked discovery and asked for standby counsel for that purpose, and the trial court reiterated that Wilson did not have a right to standby counsel, that he could proceed pro se or elect to have representation. The trial court held another <u>Faretta</u> hearing at which Wilson once again affirmatively stated he wished to proceed pro se.

Prior to jury selection, and at several critical times throughout the trial, the trial court asked Wilson if he wished to continue to represent himself, and Wilson consistently answered affirmatively. As the trial progressed, the trial court had to repeatedly admonish Wilson for introducing irrelevant evidence or non-record evidence. Each time, Wilson said he understood and promised to discuss only the

record facts, only to then repeatedly disregard the trial court's instructions. The trial court issued several curative instructions to the jury as a result. The jury found Wilson guilty as charged. Wilson was sentenced as a habitual felony offender to twenty years in prison followed by five years of probation.

An accused has the right to represent him or herself so long as his or her waiver of the right to counsel is knowingly and intelligently made. Faretta, 422 U.S. 806. In other words, the defendant must be aware of what he or she is doing, and his or her choice must be made with eyes open. Id. at 835. This principle is codified in Florida Rule of Criminal Procedure 3.111(d), which provides,

> (2) A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
>
> (3) Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself.

The competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself. Godinez v. Moran, 509 U.S. 389, 399 (1993). In other words, the

defendant need not possess the technical legal knowledge of an attorney in order to be permitted to proceed pro se. Hill v. State, 688 So.2d 901, 905 (Fla. 1996); Kendle v. State, 43 Fla. L. Weekly D1885 (Fla. 3d DCA Aug. 15, 2018).

Our review of the proceedings in this case demonstrates that the trial court conducted multiple inquiries prior to and throughout trial that complied with both rule 3.110(d) and Faretta. On each occasion, the trial court emphasized that a lawyer could be of assistance with discovery, direct-examination, cross-examination, raising objections, introducing evidence, as well as providing counsel during plea hearings and/or sentencing hearings. Despite the trial court's numerous promptings, questioning, and warnings, Wilson continued to affirmatively insist on representing himself. The likelihood that a defendant would incompetently represent himself is not a valid reason to deny his unequivocal request for self-representation. See Tarver v. State, 145 So. 3d 911, 912 (Fla. 2d DCA 2014); McKinney v. State, 850 So. 2d 680, 681 (Fla. 4th DCA 2003) (quoting Faretta, 422 U.S. at 835).

Further, when a defendant waives his right to appointed counsel, rule 3.111(d)(5) requires a court to renew its offer of assistance of counsel at each subsequent stage of the proceedings where the defendant appears without counsel. Specifically, rule 3.111(d)(5) provides, "[i]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at

each subsequent stage of the proceedings at which the defendant appears without counsel." "Each subsequent stage" is construed as each crucial stage that may affect the outcome of the proceedings. See Traylor v. State, 596 So. 2d 957, 968 (Fla. 1992).   In Wilson's case, the trial court went out of its way to make multiple inquiries into Wilson's decision to proceed pro se; each time the court offered him the assistance of counsel, and each time Wilson declined and affirmatively decided to proceed to represent himself.   We find competent substantial evidence to support the trial court's determination that Wilson made a knowing and intelligent waiver of his 6th Amendment right to counsel, and no abuse of discretion in allowing Wilson to continue pro se.

Finding neither abuse of discretion nor reversible error in the trial court's rulings, we affirm defendant Wilson's convictions.