# Third District Court of Appeal
## State of Florida

Opinion filed May 4, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2218
Lower Tribunal No. F17-2888
_____

**Keith Eric Christian,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Robert T. Watson, Judge.

Keith Eric Christian, in proper person.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LINDSEY, HENDON and LOBREE, JJ.

PER CURIAM.

Appellant, Keith Eric Christian, was convicted of two counts of

attempted second degree murder with a deadly weapon/firearm, in violation of sections 782.04(2), 777.04, and 775.087, Florida Statutes (2017), and sentenced to ten years of probation pursuant to his guilty plea on March 13, 2018. In 2020, the State filed an amended affidavit for violation of probation. Christian was represented for a time by private counsel, who was subsequently discharged, and the public defender was appointed.[1] On August 22, 2021, Christian filed a motion to "correct charge and sentence" pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Christian challenges his convictions and sentence on the grounds that the State improperly modified his charges from aggravated assault to attempted murder, as he had a valid concealed weapons permit and the right to carry his firearm, and he acted in self-defense without depraved mind or disregard for human life.[2] The trial court summarily denied the motion as it was not adopted by Christian's counsel. This appeal ensued.

On appeal, the State acknowledges that it is unclear whether the trial

---

[1] The record reflects that counsel was appointed to represent Christian for the probation violation proceeding but is silent as to whether counsel was also appointed for the postconviction motion.

[2] Based on the charges at the time of his arrest rather than his conviction, Christian also contends that aggravated assault cannot be attempted nor reclassified due to the use of a firearm as it is an essential element of the charge.

court correctly denied the motion on the basis that it was not adopted by Christian's counsel. See Baker v. State, 210 So. 3d 140, 141 (Fla. 2d DCA 2016) (recognizing that although defendant represented by counsel does not have right to file pro se motions, "this prohibition only extends to the proceedings in which counsel represents the defendant"). Nonetheless, the State urges a "tipsy coachman" affirmance on the basis that the motion was untimely filed after the two-year period provided by rule 3.850(b). See Jacobson v. State, 238 So. 3d 865, 867 (Fla. 2d DCA 2018) (applying tipsy coachman doctrine to find that trial court should have denied 3.850 motion as untimely); Miller v. State, 829 So. 2d 321, 322 (Fla. 5th DCA 2002) (same). Finding that Christian has failed to demonstrate manifest injustice or any grounds to excuse his procedural default, we affirm. See McGee v. State, 327 So. 3d 382, 383 (Fla. 3d DCA 2021), review denied, No. SC21-1506, 2022 WL 122323 (Fla. Jan. 13, 2022).

Affirmed.