# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2023.

_____

No. 3D22-2064
Lower Tribunal No. F21-1264
_____

**Omar J. Ross, Sr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Robert T. Watson, Judge.

Omar J. Ross, Sr., in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before SCALES, LINDSEY and BOKOR, JJ.

SCALES, J.

On Confession of Error

Appellant Omar J. Ross, Sr. purports to appeal the trial court's November 3, 2022 denial of Ross's *pro se* postconviction motion, made pursuant to Florida Rule of Criminal Procedure 3.800(c).[1] Based on the State's commendable confession of error, we treat Ross's appeal as a petition for writ of certiorari, quash the challenged order, and remand to allow the trial court to adjudicate the merits of Ross's motion without regard to whether Ross's trial lawyer adopted Ross's postconviction motion.

As a result of a plea deal entered on August 12, 2022, Ross – while represented by the public defender – was convicted and sentenced to thirty-six months in prison on one charge and thirty-one months on another charge, with the sentences to run concurrently. Pursuant to the plea deal, Ross's incarceration was to be followed by five years of probation.

On October 19, 2022, Ross, now *pro se*, filed his rule 3.800(c) motion seeking a reduction in his sentence. Ross's motion alleged that Ross was suffering from mental disorders and was amenable to treatment. On November 3, 2022, the trial court entered the challenged order summarily denying Ross's motion. The adjudicatory portion of the order reads as follows: "DENIED WITHOUT A HEARING. NOT ADOPTED BY DEFENSE

---

[1] Rule 3.800(c) provides the terms and deadlines by which a trial court may reduce or modify a criminal sentence.

COUNSEL" (all capital letters in original).[2] Ross timely sought appellate review of this order.

Because a trial court's adjudication of a criminal defendant's rule 3.800(c) postconviction motion seeking to mitigate a sentence is purely discretionary, orders denying such motions are not subject to appeal. Spaulding v. State, 93 So. 3d 473, 474 (Fla. 2d DCA 2012) ("It is well established that an order denying a motion under rule 3.800(c) is not appealable"); Stavely v. State, 866 So. 2d 1239, 1240 (Fla. 5th DCA 2004) ("An order denying a rule 3.800(c) motion is usually not an appealable order, because the trial court's ruling is purely discretionary."). The order, however, may be reviewed under this Court's certiorari jurisdiction, if the order represents a departure from the essential requirements of law resulting in irreparable injury. Montesino v. State, 231 So. 3d 514, 515 (Fla. 3d DCA 2017); Stavely, 866 So. 2d at 1240.

The trial court denied Ross's postconviction motion because Ross's motion had not been adopted by Ross's lawyer. Indeed, under Logan v. State, 846 So. 2d 472, 475 (Fla. 2003), a *pro se* motion filed by a criminal

---

[2] The following prefatory language appears in the order: "the Motion being insufficient in support of the relief prayed." It is unclear whether, by including this language in the order, the trial court intended to address the merits of Ross's claim. In any event, the adjudicatory portion of the order plainly denies Ross's motion because it was not adopted by defense counsel.

3

defendant who is represented by counsel is generally not cognizable. As the State concedes, however, when Ross filed his rule 3.800(c) motion, Ross was no longer represented by counsel. See Baker v. State, 210 So. 3d 140, 141 (Fla. 2d DCA 2016). Logan's strictures, therefore, did not preclude the trial court from reaching and adjudicating the merits of Ross's *pro se* postconviction motion.

We, therefore, treat Ross's appeal of the trial court's November 3, 2022 order as a petition for writ of certiorari, quash the challenged order, and remand to allow the trial court to conduct whatever proceedings the trial court deems necessary to adjudicate the merits of Ross's motion without regard to the strictures of Logan.[3]

Order quashed.

---

[3] We express no opinion as to the merits of Ross's motion.