DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ABRAHAM SIMMONS, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-0401

_____

January 16, 2026

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Sarasota County; Thomas W. Krug, Judge.


PER CURIAM.

Abraham Simmons, Jr., appeals the order striking his amended motion to correct illegal sentence. The postconviction court found that Simmons was represented by counsel and struck his motion as a nullity without prejudice to his filing a motion through counsel. *See Murray v. State*, 1 So. 3d 407, 408 (Fla. 2d DCA 2009) ("A defendant does not have the right to file pro se motions while also represented by counsel, and such motions should be treated as nullities unless they unequivocally seek to discharge counsel."). However, the court attached nothing from the record supporting its finding that Simmons was represented by counsel for purposes of filing a motion under Florida Rule of Criminal

Procedure 3.800(a).[1]  Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

NORTHCUTT, KELLY, and VILLANTI, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[1] Simmons asserted in his motion for rehearing that the postconviction court overlooked that it had only appointed counsel to represent him with regard to his rule 3.850 motion.  Thus, he argued, his rule 3.800(a) motion should not have been stricken as a nullity.  *See Baker v. State*, 210 So. 3d 140, 142 (Fla. 2d DCA 2016) (reversing order striking Baker's rule 3.850 motion as a nullity because nothing in the record showed that counsel was appointed to do anything more than represent Baker in his revocation of probation proceeding); *Murray*, 1 So. 3d at 407 ("In order for the postconviction court to summarily dismiss Murray's pro se motion for DNA testing under rule 3.853 as a nullity, the postconviction court must attach specific record support to the order of dismissal showing that Murray was represented by counsel either appointed or retained for the specific purpose of representing him on his rule 3.853 motion.").  The postconviction court also struck the motion for rehearing as a nullity.

2